FRANKIE G. LOCKE, as Administratrix, etc., Appellant, *v.*, THE STATE OF NEW YORK, Respondent.

The state cannot be impleaded in the courts or made liable in damages for any cause whatever save in such cases as it has itself consented to be made liable.

The consent to liability given by the act creating the Board of Claims (Chap. 205, Laws of 1883) extends only to such claims as are expressly or by fair implication included within the language of the statute.

As, therefore, by said act the jurisdiction of said board is the same as that of the Canal Appraisers, under the act of 1870 (Chap. 321, Laws of 1870), and as by that act it is provided that its provisions "shall not extend to claims arising from damages resulting from the navigation of the canals," the state is not liable for and the board has no jurisdiction over such a claim.

Where the basis of a claim presented to said board was that the claimant's intestate, while upon a canal boat passing under a bridge over one of the state canals, through the negligence of the agents or servants of the state operating the bridge, received injuries causing his death, *held*, that the damage resulted "from the navigation of the canals," within the meaning of said act, and so that the claim was properly dismissed by the board.

(Argued December 21, 1893; decided January 16, 1894.)

APPEAL from an award of the Board of Claims, made September 12, 1893, which dismissed the claim of the claimant.

This was a claim for damages for alleged negligence causing the death of Carson E. Locke, the claimant's intestate.

The facts, so far as material, are stated in the opinion.

*L. H. Northup* for appellant. Claimant should be allowed damages for injuries received from the management of the canals, and damages from the conduct of those having charge of canal, and from any accident, or other matter or thing connected with the canals. (*Sipple* v. *State*, 99 N. Y. 284; *Rexford* v. *State*, 105 id. 229; *Y. C. N. Bank* v. *Carpenter*, 119 id. 550; Laws of 1870, chap. 321.)

*S. W. Rosendale, Attorney-General*, for respondent. The state is not liable for the negligent acts of its agents or servants, unless such liability has been voluntarily assumed by it by legislative enactment. (*Lewis* v. *State*, 96 N. Y. 71;

*Sipple* v. *State*, 99 id. 284–287; *Bowen* v. *State*, 108 id. 166; *Splittorf* v. *State*, Id. 205; *Hyatt* v. *State*, 121 id. 665; *M. G. Co.* v. *Commonwealth*, 152 Mass. 28, 32.) This claim arises from damages resulting from the navigation of the canals; hence, the state is not liable. The state has never assumed liability to respond in damages for injuries occurring while navigating its canals, but has expressly provided against its liability in claims like this. (Laws of 1870, chap. 321, § 1; Laws of 1883, chap. 205, § 13; *Rexford* v. *State*, 105 N. Y. 229; *Hyatt* v. *State*, 121 id. 665.)

O'BRIEN, J. In this case the Board of Claims dismissed the claim on the hearing upon the ground that a cause of action was not stated. It was alleged that the claimant's intestate received certain injuries on the 16th of July, 1891, upon a canal boat, of which he subsequently died, through the neglect of agents or employees of the State, and that, as the widow and personal representative of the deceased, she was entitled to recover from the State the damages resulting from his death. The claimant's case, as stated, discloses the following facts: That while her intestate on the day mentioned was engaged in going south through the Champlain canal with his canal boat, the agents or servants of the State in charge of the lift bridge at Mechanicville, whose duty it was to raise the bridge to a sufficient height to allow boats navigating the canal to pass under in safety, carelessly operated the bridge and neglected to raise it to a sufficient height to permit the boat to pass through safely. That the agents or servants of the State carelessly lowered the bridge so that it scraped along the top of the cabin, came down and caught on the tiller and caught the deceased between the bridge and cabin of the boat and injured him in such a way that he died about two years afterwards. The basis of the claim is the negligence of the agents or servants of the State in operating the lift bridge under which the boat was passing. The liability of the State for this or any other claim must be founded in its own consent expressed through some act of the legislature. The sovereign cannot

be impleaded nor made liable in damages for any cause whatever in the courts of justice, save in such cases as it has itself consented to be made liable. (*Lewis* v. *State*, 96 N. Y. 71–74; *Sipple* v. *State*, 99 id. 284; *Bowen* v. *State*, 108 id. 166; *Splittorf* v. *State*, 108 id. 205; *Hyatt* v. *State*, 121 id. 665; *Murdock Grate Co.* v. *Commonwealth*, 152 Mass. 28.)

This state, through its legislature, has created a tribunal for the determination of certain claims that its citizens may have against it and has consented to be bound by its judgments so far as they proceed upon legal principles. (Laws of 1883, chap. 205.) But this assent applies only to a limited class of claims arising from the use or management of the canals. (Laws of 1870, chap. 321.) As to every claim or class of claims not expressly, or by fair implication, included within the language of the statute, the State, as the sovereign, is still exempt from liability in any judicial tribunal. (*Rexford* v. *State*, 105 N. Y. 229.) The jurisdiction of the Board of Claims under the act of 1883 is the same as that of the Canal Appraisers under the act of 1870, and unless the State in that act consented to be sued, impleaded or held liable in such a case as this, then the Board of Claims properly dismissed the case. The jurisdiction which the Board of Claims may exercise has been conferred by the legislature in the following language :

" To hear and determine all claims against the State, of any and all persons and corporations, for damages alleged to have been sustained by them from the canals, or from their use and management, or resulting or arising from the negligence or conduct of any officer of the State having charge thereof, or resulting or arising from any accident or other matter or thing connected with the canals ; but no award shall be made unless the facts proved shall make out a case which would create a legal liability against the State, were the same established in a court of justice against an individual or corporation,   \*   \*   \* *provided that the provisions of this act shall not extend to claims arising from damages resulting from the navigation of the canals.*"

It will be seen, therefore, that the State has not yet consented to become liable for any claim for damages resulting from the navigation of the canals. Jurisdiction over such claims has been expressly excluded from the grant of power. But the learned counsel for the claimant contends that the damages sought to be recovered in this case did not result from the navigation of the canals within the meaning of the statute. It is certain that the injury was sustained when the deceased was on his boat passing under the bridge through the canal, and that he was at the time navigating the canal. Had the injury occurred from an obstruction to the safe passage of boats placed in the water below by the negligence of the agents or servants of the State, instead of above, there can be no reasonable doubt that the case would then be within the exception. It has been said that the proviso applies to a case in which the act of navigating is one of the concurring causes of the injury, so that the latter can be deemed a result. (*Rexford* v. *State, supra.*)

But the act of navigating fairly includes the passage of boats through locks or under draw or lift bridges, and if an injury should occur while passing through a lock, through the neglect of the agent or servant of the State, whose duty it was to open and close it, such injury would in a just sense result from the navigation of the canals. The man who manages the locks and bridges in order to permit the passage of boats upon the canal, is engaged in navigating the canal, within the meaning of the statute, in the same sense as the man who directs or manages the power by means of which the boats are propelled upon the water. The movement of the boat upon the waters of the canal and the contact of the bridge above with the boat, as it was passing under it, were the two concurring causes that produced the injury in this case.

Both were acts of navigation, because both were necessary in order to effectuate the passage of boats upon the waters of the canal. The boat in which the deceased was at the time of the accident was obstructed in its passage through the canal by the negligent management of a lift bridge, and under such

circumstances the injury was the result of navigating the canals just as it would be if the boat had encountered an obstruction in the bed of the canal or while passing through one of the locks. It may be that this case, when all the facts appear, contains elements that appeal to the justice of the legislature, but we think that it cannot be held to be cognizable in the courts without substantially repealing, by judicial construction, the barrier which the statute has erected against claims for damages resulting from the navigation of the canals.

For these reasons the determination of the Board of Claims should be affirmed.

All concur, except ANDREWS, Ch. J., not voting, and BARTLETT, J., not sitting.

Award affirmed.