ZORN v. STATE.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

CANALS—DAMAGES RESULTING FROM NAVIGATION—LIABILITY OF STATE.

> Laws 1870, c. 321, § 1, provides that damages resulting from the navigation of the canals cannot be enforced against the state. Plaintiff owned a canal boat, which, while tied to another boat alongside a wharf at its destination, and awaiting an opportunity to unload, was destroyed by the breaking of a dam maintained as part of a canal system. *Held*, that the boat was destroyed while engaged in navigation, and that the state is not liable.

Appeal from court of claims.

Action by Frederick Zorn against the state of New York. From a judgment dismissing the action, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Stewart & Macklin (Geo. R. Donnan, of counsel), for appellant.
John C. Davies, Atty. Gen., for the State.

MERWIN, J. In June, 1893, the claimant was engaged in the transportation business, and owned a canal boat, which was loaded with a cargo of coal at Newburg, on the Hudson river, consigned to A. D. Judson's coal yard, at Lansingburg, N. Y. The boat proceeded to her destination, arriving there on the evening of Friday, June 9th, and was tied up on the outside of a canal boat which was alongside of the wharf of the Judson coal yard. In the early morning of June 12th there was a break in the Troy State Dam, which is located between Lansingburg and Troy. This break operated to lower the water in the basin where the boat was, to such an extent that the boat rested on the rock bottom. The claimant, who was then on the boat, testifies:

"There were some rocks there. There was a large rock, about three feet high, and four or five feet in circumference, worked itself through the bottom of the boat, and she filled up with water."

The cargo was removed some days afterwards, and the boat became a total loss. The claimant seeks to recover from the state the value of the boat.

The "Troy State Dam," so called, was built and is maintained by the state, as a portion of the Champlain Canal System, for the purpose of making slack-water navigation, to enable boats to get up to Waterford and Lansingburg; the object being to keep water enough for the boats to make that passage.

The claimant alleges that the accident to his boat was caused by the negligence of the state, its agents or servants, in failing to keep the dam in proper repair, and that the action is maintainable under the provisions of chapter 321 of the Laws of 1870, which was in force at the time of the accident and at the time of filing the claim, on February 2, 1894. At the close of the evidence the defendant made a motion to dismiss the claim on the ground that it was a claim arising from damages resulting from the navigation of the canals, and therefore no liability under the act of 1870, and also on the ground that negligence on the part of the state officers was not established. Judgment of dismissal was granted.

By section 1 of the act of 1870, jurisdiction was granted to the canal appraisers to hear and determine all claims against the state for damages alleged to have been sustained from the canals of the state, or from their use or management, or resulting or arising from the negligence or conduct of any officer of the state having charge thereof, or resulting or arising from any accident or other matter or thing connected with the canals, provided that the facts proved shall make out a case which would create a legal liability against the state, were the same established in evidence in a court of justice against an individual or corporation, and provided, also, "that the provisions of this act shall not extend to claims arising from damages resulting from the navigation of the canals." The jurisdiction

conferred upon the canal appraisers was afterwards transferred to the court of claims. Laws 1883, c. 205. The statute, in effect, provided that claims for damages resulting from the navigation of the canals, though such damages were caused by the negligence of the officers of the state, could not be enforced against the state. In Rexford v. State, 105 N. Y. 229, 11 N. E. 514, the state was held to be liable because the party injured was not at the time engaged in navigation of the canals. It was said that he had for the time abandoned his boat, and somebody else was navigating it. In Locke v. State, 140 N. Y. 480, 35 N. E. 1076, the state was held not to be liable, although the sole cause of the injury was the negligence of the servants of the state in operating the lift bridge under which the boat was passing, and the injury was in no way attributable to, or the result of, the navigation of the canals, except that the act of navigation furnished the opportunity for the happening of the injury. If the boat had not been there, if the party had not been engaged in using the canal for the purposes of navigation, the injury would not have happened. Evidently, according to the logic of the Locke Case, the intention of the statute was to provide that parties, while using the canal for their own benefit, should take the risks of navigation, without reference to whether they were caused or affected by the negligence of the state officers. The question, then, in this case, is whether or not at the time of the accident the claimant was engaged in the navigation of the canals. Was the navigation at an end? Did the accident occur in the course of the navigation of the canals? The voyage or trip of the claimant was not ended. He had not delivered his cargo, his boat was in the canal, or in the waters deemed to be a part of the canal, and was tied up to another boat; and it may be inferred that the claimant was waiting for an opportunity to discharge his cargo in the ordinary course of business at that place. The fact that the boat was not in motion is not conclusive on the question. It has been held that the word "navigation," for some purposes, includes a period when a ship is not in motion; as, for instance, when she is at anchor. Hayn v. Culliford (1878) 3 C. P. Div. 417. If an accident of the kind in controversy occurred while on a boat, as it was making its trip along the canal, was tied up for the night, it would hardly be claimed that it did not occur in the course of the navigation. Laurie v. Douglas, 15 Mees. & W. 746, was a case where a vessel laden with goods arrived in the port of London, and was taken into the commercial dock to discharge her cargo. For this purpose she was fastened by tackle on the one side to a loaded lighter lying outside her, and on the other to a barge lying between her and the wharf. The crew were discharged, except the mate; and lumpers were being employed in unloading her, when the tackle on one side broke, and in consequence she canted over, water got in through her ports, and the goods still on board were damaged. It was held that the navigation was not at an end at the time of the loss, and that the loss was within the exception in the bill of lading of all damages and accidents of the seas and navigation. That case seems to be quite in point. The navigation in which the plaintiff was engaged was not, I think, at an end;

and therefore the damages sought here to be recovered resulted from the navigation of the canals, within the meaning of the statute, and the state is not liable therefor.

In view of this conclusion, it is not necessary to consider the further question, whether a case of negligence on the part of the officers or agents of the state was made out, or, rather, whether a dismissal upon that ground was against the evidence.

Judgment affirmed, with costs. All concur.