ALVIN D. SAYER, Claimant, v. THE STATE OF NEW YORK.

## Claim No. 17073.

(Court of Claims, October, 1921.)

Canals — Barge canal — navigation — when boat deemed to be navigating the canal — Canal Law, § 47.

> Claimant's motor boat while moored at a Barge canal terminal in the canal was run into and sunk by a derrick boat operated

by the state during the navigation season. *Held*, that claimant's motor boat, although moored at the terminal, was engaged in navigation of the canal at the time of the collision and comes within the exception provided for in section 47 of the Canal Law and the claim will be dismissed.

MOTION to dismiss claim for damages.

John N. Ardner (F. J. Cregg, of counsel), for claimant.

Frank K. Cook, deputy attorney-general, for state.

CUNNINGHAM, J. The state moves to dismiss this claim on the ground that it fails to set forth a valid claim or cause of action. The claim is for damages in the sum of $221 for the alleged negligence of the state in operating a derrick boat at the Syracuse Barge canal terminal in such a manner that it collided with the claimant's motor boat, sinking and destroying the latter and damaging its engine. The material portion of the claim reads as follows: " That on the 18th day of June, 1921, * * * claimant * * * fastened and moored his motor boat * * * at the north slip of the Barge Canal Terminal at the City of Syracuse, * * *; that on said 18th day of June, 1921, the State of New York owned and operated a derrick boat * * * at the Barge Canal Terminal at the city of Syracuse * * *; that on said * * * day * * * the State * * * operated said derrick boat in such a careless and negligent manner that said derrick boat collided with and ran into the said motor boat * * *."

Section 47 of the Canal Law provides, generally, that any person sustaining damages from the canals, or their use, or from the neglect or conduct of any officer having charge of the same, or resulting from

Court of Claims, October, 1921.          [Vol. 116.

any accident connected with the canals, may recover in this court, under the conditions therein prescribed, such an amount as will properly compensate him therefor, " *provided that the provisions of this section shall not extend to claims arising from damages resulting from the navigation of the canals.*"

This motion is predicated on the contention that it is apparent from the face of the claim that the claimant's loss was one resulting from the navigation of the canals. In *Viele* v. *State,* 17 Ct. Cl. Rep. 91, we reviewed the authorities, few in number, construing the clause last quoted and italicized by us. The inquiry here is identical with that in *Viele* v. *State, supra.* There we concluded, upon the facts presented, that the damage did not result from the navigation of the canals, because it would be absurd to say " that the claimant's boats were navigating the canal, at a time when there was no water in it, when no operatives were employed, when the locks were impassable, when the boats were immovable, when navigation as usually understood was physically impossible, and months after the State Superintendent of Public Works, pursuant to the Canal Law, had declared the canal navigation season officially closed." But in this case those conditions did not prevail, and the damage resulted from the collision of a derrick boat in motion upon canal waters with the claimant's motor boat moored at the terminal. The court said in *Zorn* v. *State,* 45 App. Div. 163: " The fact that the boat was not in motion is not conclusive on the question. It has been held that the word ' navigation ' for some purposes includes a period when a ship is not in motion, as for instance when she is at anchor. (*Hayn* v. *Culliford,* L. R. [3 Com. Pl. Div.] 417.)" The derrick boat certainly was engaged in the navigation of the canal at the time. We think the motor boat,

moored at the terminal, then was engaged in navigation, also, although at the moment she was not in motion. In the *Zorn* case it was said: " * * * the intention of the statute was to provide that parties *while using the canal for their own benefit* should take the risks of *navigation* without reference to whether they were caused or affected by the negligence of the State officers." In the *Viele* case, although the claimant was using the canal for his own benefit, his damages did not result from navigation by himself or another. To have held that they did so result would have done violence to the language of the statute and to the word " navigation." Here the claimant, Sayer, was using the canal for his own benefit, and it requires no strained or unusual construction of the word "navigation " to hold that his boat was engaged in it when destroyed. It should be so held, because this case comes within the palpable and patent legislative policy which dictated the statutory exception. The claimant's damages resulted from navigation of the canal by his motor boat, and by the derrick boat, also. The claim expressly so alleges. It is dismissed.

ACKERSON, P. J., concurs.

Claim dismissed.