D. E. STALTER, INC., Respondent, *v.* STATE OF NEW YORK, Appellant.

Fourth Department, January 5, 1927.

State — claims against State — claimant's assignor performed work on Barge canal — State agreed to pay certain rental and " all other costs, charges or expenditures necessary to be made for the completion of the work, including costs of plant and maintenance "— third person brought actions against claimant's assignor based on negligence — in one case recovery was had and in other complaint was dismissed — claimant seeks reimbursement for money thus expended — under Canal Law, § 47, State is not liable for damage resulting from navigation of canals — State is not liable for negligence of employees — money paid out by claimant's assignor does not come within clause quoted above and State is not liable thereunder.

The claimant whose assignor was employed by the State to complete dredging work in a portion of the Clyde river, which is a part of the Barge canal, under a contract whereby the State agreed to pay a monthly rental for tools and appliances and in addition thereto " all other costs, charges or expenditures necessary to be made for the completion of the work, including costs of plant and maintenance," cannot recover from the State the amount of a judgment and attorney's fees in defending an action based on the negligence of its assignor, and also the amount of attorney's fees and expenses in another action based on the same cause, which action was dismissed.

Section 47 of the Canal Law exempts the State from liability for damages arising out of the navigation of the canals, and, furthermore, the State is not liable, in the absence of constitutional or legislative permission, for the negligence of its employees, and, if it were, the employees who were negligent could not recover from the State the amount which they had to pay to satisfy damages caused by their negligence.

The money expended by the claimant's assignor in settling the claims in question, which arose out of its negligence, does not come within the provision of the clause quoted, for such money was not necessarily expended for the completion of the work.

APPEAL by the defendant, the State of New York, from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 16th day of January, 1926.

Claimant's claim is for money expended by claimant's assignor

Fourth Department, January, 1927. [Vol. 219

in defending actions brought against it, and paying judgments rendered in said actions, while it was performing Barge canal work. The actions in question were based on negligence.

*Albert Ottinger, Attorney-General [Frederick D. Colson, Deputy Attorney-General,* of counsel], for the appellant.

*Gannon, Spencer & Michell [Charles E. Spencer* of counsel], for the respondent.

SAWYER, J. About March 27, 1917, the Superintendent of Public Works of the State of New York, under the direction of the Canal Board, employed the Sherman-Stalter Company, claimant's assignor, to complete under the direction of the State Engineer and Superintendent of Public Works, certain work, known· as contract No. 47-A for dredging a portion of the Clyde river, as a part of the improvement of the Erie canal.

By the terms of the agreement the company was to furnish all plant (tools, appliances and machinery), all working capital and all materials, work and labor including office, office force and superintendence necessary for the full and proper finishing of the contract. In consideration for the service the State agreed to pay $14,000 a month rental during all times that the work was in actual progress and in addition thereto " all other costs, charges or expenditures necessary to be made for the completion of the work, including costs of plant and maintenance." The agreement also provided that all of the plant placed upon the work was to be considered in the possession and under the control of the State Engineer and Surveyor and the Superintendent of Public Works. While the work under such employment was in progress the State authorities permitted the river to be used for navigation and several boats moving upon it collided with cables or guys that extended from one of the company's derricks, across the river to the opposite bank. It was claimed that these boats were injured in the collision and their owners brought actions against the Sherman-Stalter Company to recover for the damages so sustained. These actions were founded upon allegations that the damage was caused by negligence of the company in erection and maintenance of such cables or guy wires.

Both actions were tried and one, known as the Guindon action, resulted in a judgment for plaintiff for $322.81 which together with $112.27 for attorney's services and disbursements has been paid; the other, known as the Smith action, was dismissed at the close of the plaintiff's case but in its defense and preparation therefor the company expended $318.90. A claim against the State for reimbursement of the total amount of these expenditures

($753.98) with interest has been allowed by the Court of Claims and the State appeals from the judgment entered thereon.

The Clyde river at the point where these operations were carried on is a part of the State's canal system; the work being done was fitting the river for canal purposes. It had been opened for navigation and it is undisputed that the accidents happened in connection with its navigation. It is clear that no recovery could have been had against the State primarily for damages arising out of these accidents. No action against it can lie except such as have permissive authority. In granting a right of recovery for damages arising out of the canals and their use, the Legislature has carefully excepted from the grant " claims arising from damages resulting from the navigation of the canals," and, therefore, its immunity from such liability continues. (Canal Law, § 47.) This section is but a re-enactment of former statute provisions relating to canals and proceeds upon the principle that the State can only be held liable in damages by its own consent, a principle that has been consistently sustained by the courts. (*Locke* v. *State*, 140 N. Y. 480; *Rexford* v. *State*, 105 id. 229; *Zorn* v. *State*, 45 App. Div. 163.)

Not only this but both the actions instituted against the claimant's assignor were predicated upon its own negligence; it was an employee of the State and regardless of the Canal Law, in the absence of constitutional or legislative permission, public policy forbids any liability on the part of the State for the negligence of its officers or agents. (*Smith* v. *State*, 227 N. Y. 405.)

It was not the negligence of the employer but that of the employee that was complained of. In the Guindon case judgment was obtained and paid; we take it that both the injury and the negligence of the Sherman-Stalter Company are thereby finally and conclusively established. If it had been permitted and an action for such negligence been brought against the State, any recovery against it could have been in turn recovered by it from the employee, whose wrongdoing gave rise to the loss. (*Oceanic Steam Nav. Co.* v. *Co. T. E.*, 134 N. Y. 461, 467.)

The converse of this proposition does not, however, follow. It would be difficult to understand upon what theory an employee guilty of negligence could recover from his employer, who in no wise contributed thereto, for the consequence of his wrong. Claimant seems to have recognized the incongruity of such a position, for, in the Court of Claims, it based its right to recover the cost of both litigations upon the contract with the State which provided that, in addition to the regular monthly rental, the latter should pay " all other costs, charges or expenditures necessary to be made for the completion of the work."

14

Considering the case from this angle it must be always borne in mind that both actions against claimant's assignor were based upon its negligence.   That in one instance the charge was sustained and in the other the company exonerated, is of little moment. They caused a certain outlay of money and the question is, does it fairly come within the description of costs necessary to complete the work?   The Court of Claims has answered this question in the affirmative by a finding as follows: " That the aforesaid judgment and the expenses of said actions paid by the said Sherman-Stalter Company as aforesaid were costs, charges and expenditures necessarily made in the completion of said work within the meaning of the aforesaid agreement between the Superintendent of Public Works and the said Sherman-Stalter Company." This appears to us not warranted by the facts.   We are not faced with a situation where the work had ceased because of an injunction or other order in restraint of its continuance; nor even one from which it may fairly be said that completion of the work was endangered.   The lawsuits actually brought in no wise hindered or impeded the progress of the work nor endangered its completion.   Neither did their cost, directly or indirectly, aid or hasten its completion.

The most that can be said in that connection is that they were incidental to the general enterprise; but this is not sufficient.   The contract between the company and the State is plain and unambiguous; by it the State only obligated itself to pay " other costs, charges or expenditures necessary to be made for the completion of the work."   Those here sought to be recovered may have been necessarily made in the completion of the work, as has been found, but to us they do not appear to have been necessary for either its progress or completion.

While a certain amount of latitude in the construction of contracts is sometimes tolerated, it should not be suffered to the extent of abrogating plain and unambiguous provisions.   It ought especially to be avoided, where it would permit of recovery against an employer by an employee for the result of his own negligence, and against the State, by indirection, upon claims for which it could not be held directly liable.

We think these items to be outside the permissive power granted by the Legislature as well as not within either the intent or the phraseology of the contract.

The judgment should be reversed, with costs.

All concur.   Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment reversed on the law, with costs, and claim dismissed, with costs.