THOMAS CONDON, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24773.)

Court of Claims, December 27, 1938.

*Guernsey T. Cross*, for the claimant.

*John J. Bennett, Jr., Attorney-General [Owen M. Begley, Assistant Attorney-General*, of counsel], for the defendant.

GREENBERG, J. This is a motion to dismiss the claim herein upon the ground that the claim does not state a cause of action against the State of New York.

The claim alleges that claimant sustained injuries while he was lawfully on the barge *Ira T. Bushey* on October 24, 1936, by being struck by the lift bridge which extended over the Erie canal at Spencerport, N. Y., while the barge was proceeding on the Erie canal under the said lift bridge; that the injuries were sustained by reason of the carelessness and negligence of the agents, servants and employees of the State of New York in direct charge and control of the operation of the lift bridge under which the barge was passing.

The liability of the State for this or any other claim must be founded in its own consent expressed through some act of the Legislature. The sovereign cannot be impleaded nor made liable in damages for any cause whatsoever, save in such cases as it has itself consented to be made liable. (*Lewis* v. *State*, 96 N. Y. 71, 74; *Sipple* v. *State*, 99 id. 284; *Bowen* v. *State*, 108 id. 166; *Splittorf* v. *State*, Id. 205.) It is a well-settled principle that the State, in consequence of its sovereignty, is immune from prosecution in the courts and from liability to respond in damages for negligence, except in those cases where it has expressly waived immunity or assumed liability by constitutional or legislative enactment. (*Locke* v. *State*, 140 N. Y. 480.)

In granting a right of recovery for damages arising out of the canals or their use, the Legislature has carefully excepted from the grant " claims arising from damages resulting from the navigation of the canals," and, therefore, the immunity of the State from such liability continues. (Canal Law, § 47.) This section is but a re-enactment of former statutory provisions relating to canals, and proceeds upon the principle that the State can only be held liable in damages by its own consent, which principle has been consistently sustained by the courts. (*Locke* v. *State, supra; Rexford* v. *State*, 105 N. Y. 229; *Zorn* v. *State*, 45 App. Div. 163.) Section 47 of the Canal Law was amended by the Laws of 1930, chapter 485, and the said section, as so amended, was in effect at the time claimant's alleged cause of action accrued. The amendment referred to added the following: " and further provided that the provisions herein relating to damages resulting from the navigation of the canals shall control notwithstanding any contrary or inconsistent provisions of any other law, general or special."

While it is true that section 12-a of the Court of Claims Act confers upon the Court of Claims jurisdiction of the broadest character, section 47 of the Canal Law, as amended by chapter

485 of the Laws of 1930, does not extend or enlarge the liability of the State with respect to any claims arising or resulting from the navigation of the canals, but, on the contrary, said section 47, as amended, definitely precludes any implication of waiver of immunity from liability by the State with respect to claims arising from the navigation of the canals. Statutes in derogation of the sovereignty of the State must be strictly construed and a waiver of immunity from liability must be clearly expressed. (*Litchfield* v. *Bond*, 186 N. Y. 66, 83.) There certainly is no expression of waiver of the State's immunity from liability for the tortious acts of its officers and agents as expressed in section 47 of the Canal Law, as amended, and the language of such amendment will not permit any such construction.

The " acts of navigating," as referred to in section 47 of the Canal Law, as amended, include the passage of boats through locks or under draw or lift bridges; and if an accident should occur while passing through a lock, through the neglect of the agents or servants of the State whose duty is was to open and close it, any injuries sustained would, in a just sense, result from the navigation of the canals. The man who manages the locks and bridges in order to permit the passage of boats upon the canal is engaged in navigating the canal, within the meaning of the statute, in the same sense as one who directs or manages the power by means of which the boats are propelled upon the water. The movement of the boat upon the waters of the canal, and the contact of the bridge above the boat, as it was passing under it, were the two concurring causes which produced the injury in the instant case. Both were acts of navigation because both were necessary in order to effectuate the passage of boats upon the waters of the canal. (*Locke* v. *State*, 140 N. Y. 480.)

The facts as alleged in the claim herein are identical with those in the case of *Locke* v. *State* (*supra*), and the liability of the State for any injuries resulting to claimant, under the circumstances, as set forth in the claim, arises " from the navigation of the canals," for which there is no liability against the State of New York. The motion must be granted. Submit order.

BARRETT, P. J., concurs.