GLENS FALLS INSURANCE COMPANY, Claimant, *v.* STATE OF NEW YORK, Defendant. (M-1288)

Court of Claims, March 28, 1947.

*Louis R. Patur* and *Kalman S. Schindel* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *David Marcus* of counsel), for defendant.

GREENBERG, J. This is an application for leave to file a claim for damages sustained to the yacht of claimant's subrogor. In the proposed claim it is alleged that on June 13, 1946, while said yacht was motionless in Lock No. 35, of the Barge Canal at Lockport, New York, a slab of cement or concrete fell from the

wall of said lock onto the yacht, causing damage; and that said accident was caused solely as a result of the carelessness and negligence of the State in the maintenance of said wall, which at that time was owned, operated and maintained by the State of New York, Department of Public Works, Division of Canals and Waterways. Previous thereto, the yacht, " Delsam III ", had been proceeding westward in the canal waterways.

The State opposes this application on the ground that the proposed claim fails to state facts sufficient to constitute a cause of action against the State and contends that the damages and claim herein come within the exculpatory provisions of section 120 of the Canal Law, which provides as follows: " There shall be allowed and paid to every person sustaining damages from the canals or from their use or management, or resulting or arising from the neglect or conduct of any officer of the state having charge thereof, or resulting or arising from any accident, or other matter or thing connected with the canals, the amount of such damages to be ascertained and determined by the proper action or proceedings before the court of claims, but no judgment shall be awarded by such court for such damages in any case unless the facts proved therein make out a case which would create a legal liability against the state, were the same established in evidence in a court of justice against an individual or corporation; * * * *provided that the provisions of this section shall not extend to claims arising from damages resulting from the navigation of canals, and further provided that the provisions herein relating to damages resulting from navigation of the canals shall control notwithstanding any contrary or inconsistent provisions of any other law, general or special.* * * * " (Italics added.)

It has been argued herein that the foregoing provisions are inconsistent with those of section 8 of the Court of Claims Act (L. 1939, ch. 860) and that the latter govern. With such contention the court cannot agree. Section 8 provides: " *Waiver of immunity from liability.* The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to affect, alter or repeal any provision of the workmen's compensation law."

It was recently held in *Naramore* v. *State of New York*

(285 N. Y. 80) that the predecessor section, section 12-a of the Court of Claims Act (L. 1929, ch. 467), did not repeal nor contravene the provisions of section 120 of the Canal Law. The Court of Appeals stated at page 84: " As shown above, section 47 (now 120) of the Canal Law is a waiver by the State of its immunity from liability for specific tortious acts by its employees and has been part of our law since 1870. Section 12-a of the Court of Claims Act on the other hand is a general waiver by the State of its immunity from liability for the torts of its officers and employees, and is of recent date. Although the language of section 12-a of the Court of Claims Act is broad and inclusive, it does not include words of repeal. Repeal by implication is not favored. Thus, since section 47 of the Canal Law is not inconsistent with section 12-a of the Court of Claims Act, it cannot be said that the Legislature intended by the enactment of the latter section to repeal the former section."

That the yacht was motionless at the time of the accident and that the negligence, upon which the claim is predicated, was not in the actual operation of the lock, but in its maintenance, are of no consequence. The damage occurred from the navigation of the canal and the statute precludes liability therefor.

In *Zorn* v. *State* of *New York* (45 App. Div. 163) the claimant's boat, while tied to another at a wharf awaiting an opportunity to unload, was destroyed when a break in a dam caused the water to leave the canal. The Appellate Division, Third Department, in discussing the meaning of the word " navigation " contained in the then section 47 of the Canal Law, stated (pp. 165-166): " The statute in effect provided that claims for damages resulting from the navigation of the canals, though such damages were caused by the negligence of the officers of the State, could not be enforced against the State. In *Rexford* v. *State* (105 N. Y. 229) the State was held to be liable because the party injured was not at the time engaged in navigation of the canals. It was said that he had for the time abandoned his boat and somebody else was navigating it. In *Locke* v. *State* (140 N. Y. 480) the State was held not to be liable, although the sole cause of the injury was the negligence of its servants in operating the lift bridge under which the boat was passing and the injury was in no way attributable to or the result of the navigation of the canals, except that the act of navigation furnished the opportunity for the happen-

ing of the injury. If the boat had not been there, if the party had not been engaged in using the canal for the purposes of navigation, the injury would not have happened. Evidently, according to the logic of the *Locke* case, the intention of the statute was to provide that parties while using the canal for their own benefit should take the risks of navigation without reference to whether they were caused or affected by the negligence of the State's officers.

" The question then in this case is, whether or not at the time of the accident the claimant was engaged in the navigation of the canals. Was the navigation at an end? Did the accident occur in the course of the navigation of the canals?

" The voyage or trip of the claimant was not ended; he had not delivered his cargo. His boat was in the canal or in the waters deemed to be part of the canal, and was tied up to another boat, and it may be inferred that the claimant was waiting for an opportunity to discharge his cargo in the ordinary course of business at that place.

" The fact that the boat was not in motion is not conclusive on the question. It has been held that the word ' navigation ' for some purpose includes a period when a ship is not in motion, as for instance when she is at anchor. (*Hayn* v. *Culliford*, L. R. [3 Com. Pl. Div.] 417.) If an accident of the kind in controversy occurred while a boat, as it was making its trip along the canal, was tied up for the night, it would hardly be claimed that it did not occur in the course of the navigation.

" *Laurie* v. *Douglas* (15 M. & W. 746) was a case where a vessel laden with goods arrived in the port of London and was taken into the commercial dock to discharge her cargo. For this purpose she was fastened by tackle, on the one side to a loaded lighter lying outside her, and on the other to a barge lying between her and the wharf. The crew were discharged, except the mate, and lumpers were being employed in unloading her, when the tackle on one side broke and in consequence she canted over, water got in through her ports and the goods still on board were damaged; it was held that the navigation was not at an end at the time of the loss and that the loss was within the exception in the bill of lading of all damages and accidents of the seas and navigation. This case seems to be quite in point.

" The navigation in which the plaintiff was engaged was not, I think, at an end, and, therefore, the damages sought here to be recovered resulted from the navigation of the canals

within the meaning of the statute, and the State is not liable therefor.''

A similar conclusion was arrived at by former Judge CUNNINGHAM, of this court, in the case of *Sayer* v. *State of New York* (116 Misc. 644). In that case, claimant's motor boat was moored at the Barge Canal terminal in Syracuse, when a derrick boat, operated by the State, collided with it. The court there said (pp. 646-647): '' The derrick boat certainly was engaged in the navigation of the canal at the time. We think the motor boat, moored at the terminal, then was engaged in navigation, also, although at the moment she was not in motion. In the *Zorn* case [45 App. Div. 163, *supra*] it was said: ' * * * the intention of the statute was to provide that parties *while using the canal for their own benefit* should take the risks of *navigation* without reference to whether they were caused or affected by the negligence of the State officers.' In the *Viele* case [17 N. Y. Ct. Cl. 91], although the claimant was using the canal for his own benefit, his damages did not result from navigation by himself or another. To have held that they did so result would have done violence to the language of the statute and to the word ' navigation.' Here the claimant, Sayer, was using the canal for his own benefit, and it requires no strained or unusual construction of the word ' navigation ' to hold that his boat was engaged in it when destroyed. It should be so held, because this case comes within the palpable and patent legislative policy which dictated the statutory exception. The claimant's damages resulted from navigation of the canal by his motor boat, and by the derrick boat, also. The claim expressly so alleges. It is dismissed.'' (See, also, *Condon* v. *State of New York*, 169 Misc. 666; *United States* v. *Monstad*, 134 F. 2d 986; *United States* v. *Steamtug Union*, 1932 A. M. C. 1331; *Good* v. *London Steam-Ship Owners' Assn.*, L. R. 6 C. P. 563.)

The proposed claim having failed to set forth facts sufficient to constitute a cause of action, this application for leave to file the claim must be denied. (*Apropo* v. *State of New York*, 161 Misc. 142, affd. 252 App. Div. 803; *Siegel* v. *State of New York*, 175 Misc. 515, affd. 262 App. Div. 388; *Marriott* v. *State of New York*, 56 N. Y. S. 2d 584.) **Submit order accordingly.**