WILLIAM O. GOOD, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Motion No. 1833.)

Court of Claims, November 29, 1950.

*Otis G. Pike* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Howard F. Danihy* of counsel), for defendant.

Sylvester, J. This motion for leave to file a claim sounding in negligence is made approximately ten months after the claim accrued.

On September 22, 1949, claimant's automobile was involved in an accident with a car, owned and driven by one Pomposello on a State highway. Liability is sought to be impressed upon the State because of the failure of the State (a) to maintain a " stop " sign on the State road; and (b) to promptly revoke Pomposello's license, based on circumstances in connection with a prior accident and to give notice of revocation. This latter ground suggests that the accident would not have occurred if the State had more promptly revoked and given notice thereof. With regard to that contention, it is asserted that Pomposello had been involved in a serious accident on March 27, 1949; that a hearing was held before the Motor Vehicle Bureau on August 11, 1949, and a road test ordered at which Pomposello was found unqualified to drive; that on September 14, 1949, his license was ordered revoked; and that on September 20, 1949, notice thereof was mailed to him.

The moving papers fail to show any reasonable excuse for the delay in filing after a lapse of ten months from the time the claim accrued. Claimant had knowledge of the absence of the warning signs within the statutory period within which to file a claim. The further excuse proffered by claimant's attorney for his delay is that he was unable to procure sufficient information as to Pomposello's record pertaining to the suspension of his driver's license until May 18, 1950, at a Motor Vehicle Bureau hearing. It appears, however, that on December 12, 1949, within the statutory period for filing, claimant's counsel obtained a certified copy of the abstract report of the bureau on Pomposello indicating that his license had been revoked on September 14, 1949. Nor can it be said that claimant's counsel proceeded expeditiously with his present application after the bureau hearing in May, 1950.

Accordingly, this motion must be denied. (*Schroeder* v. *State of New York*, 252 App. Div. 16, affd. 276 N. Y. 627.)

Submit order.