ANTHONY DE CICCO, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 1998.)

Court of Claims, June 27, 1951.

*John J. Ryan* for claimant.

*Nathaniel L. Goldstein, Attorney-General (George R. Davis* of counsel), for defendant.

YOUNG, J. Claimant moves this court for permission to reargue his motion for leave to file a claim against the State of New York, pursuant to subdivision 5 of section 10 of the Court of Claims Act, the original motion having been heard on April 30, 1951, and denied.

Anthony De Cicco, the moving party herein, was committed to the Manhattan State Hospital on March 22, 1927, and on March 17, 1949, he obtained a writ of habeas corpus returnable on March 22, 1949. On the return day the writ of habeas corpus was sustained and De Cicco was discharged from the hospital on that date. On April 19, 1949, the formal order sustaining the writ was signed by the Honorable AARON J. LEVY, Justice of the Supreme Court, who had presided on the return.

Claimant's original notice of motion for permission to file a claim for false imprisonment was dated April 16, 1951, was received in the Attorney-General's office on April 17, 1951, and the motion was returnable on April 30, 1951.

Such excuse as moving party offers for failure to file a claim or notice of intention within the time limited by section 10 clearly arises out of ignorance of the law. Such an excuse is not valid. (*Burchetta* v. *State of New York*, 43 N. Y. S. 2d 289; *Williams* v. *State of New York*, 175 Misc. 972.)

Assuming, but not conceding, that the moving party's cause of action accrued on April 19, 1949, when the formal order was signed, and not on March 22, 1949, when he actually obtained his freedom, the court believes that he is still too late. The cause of action must accrue in the two years preceding the return day of the motion. (*Kahn* v. *State of New York*, 178 Misc. 272.)

The motion is denied, the order accompanying this memorandum.