PENN No. 5, INC., as Owner of Barge MORANIA No. 130, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 2517.)

Court of Claims, December 9, 1953.

*Stanley R. Wright* for claimant.

*Nathaniel L. Goldstein, Attorney-General (David V. Seaman* of counsel), for defendant.

SYLVESTER, J. Upon this motion for leave to file a late claim, pursuant to subdivision 5 of section 10 of the Court of Claims Act, the moving papers allege that on April 18, 1952, a tank barge owned by claimant collided with the bullnose of lock No. 5, Oswego Canal, Minetto, New York; that said collision was attributable to the negligent withdrawal of water from the canal into an adjacent powerhouse, owned and controlled by the Niagara Mohawk Power Corporation, which set up an excessive current into the powerhouse thereby deflecting the barge from her course and causing the collision; and that the flow of water from the canal into the powerhouse was controlled by the lock tender, a person employed by the State of New York. No excuse is offered for the delay of almost nineteen months in the filing of the proposed claim other than the bare allegation that claimant was not aware of the State's responsibility in the premises, until September 18, 1953, when the Niagara Mohawk Power Corporation, in an admiralty suit pending in the United States District Court, filed its answer alleging that, at the time of the collision, the amount of water flowing from the canal into the powerhouse was under the exclusive supervision and control of the State Department of Public Works.

Claimant was fully aware of the relevant facts at or about the time of the occurrence. On June 5, 1952, it wrote to the Department of Public Works, reporting the collision and requesting copies of all reports submitted with reference to the

accident, "particularly that of the lock tender." Claimant at that time knew, or could readily have ascertained that the lock tender, an employee of the State, regulated the amount of water flowing from the canal into the power house but it remained quiescent and made no claim against the State for almost nineteen months. While the extent of the delay is not decisive, claimant being obliged merely to excuse failure to *act* during the period fixed by statute (*Rugg* v. *State of New York*, 278 App. Div. 216), it is nevertheless a circumstance to be taken into account, in the court's discretion, in measuring the "reasonableness" of the excuse for claimant's tardiness. Accordingly, it is concluded that the papers fail to establish a reasonable excuse for late filing of the claim.

Moreover, it would appear that, under section 120 of the Canal Law, the State is exempted from liability for "damages resulting from the navigation of canals". It is not disputed that this partial preservation of the State's immunity is applicable despite the inclusive language of section 8 of the Court of Claims Act. (See *Naramore* v. *State of New York*, 285 N. Y. 80; *Glens Falls Ins. Co.* v. *State of New York*, 188 Misc. 684.) It is suggested, however, that the damages in suit were attributable to negligence in the operation of the powerhouse, rather than the "navigation" of the canal and that the exculpatory provision of the Canal Law (§ 120) is accordingly inapposite. The authorities, however, are clear that any damages resulting to a vessel while in the course of navigating the canal is at the risk of the "parties while using the canal for their own benefit". (*Zorn* v. *State of New York*, 45 App. Div. 163, 165.) The proposed claim accordingly is insufficient in law.

For the foregoing reasons, the motion is denied. (*Travelers Fire Ins. Co.* v. *State of New York*, 275 App. Div. 737; *Guifre* v. *State of New York*, 192 Misc. 480; *De Cicco* v. *State of New York*, 199 Misc. 1079; *Glens Falls Ins. Co.* v. *State of New York*, 188 Misc. 684; *Locke* v. *State of New York*, 140 N. Y. 480.)