HARRY M. GRAY, Claimant, v. STATE OF NEW YORK, Defendant.
(Motion No. 2597.)

Court of Claims, January 21, 1954.

*Dwight L. Murphy* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *David V. Seaman* of counsel), for defendant.

MAJOR, J. This is a motion for permission to file a late claim against the State of New York, pursuant to subdivision 5 of section 10 of the Court of Claims Act.

The proposed claim attached to the motion papers alleges that on July 6, 1952, " the claimant at the time and place above described was navigating Onondaga Lake in his boat "; that he was proceeding in a reasonable and careful manner upon the surface of the lake and without warning or without any opportunity to avoid the danger and hazard created by a submerged sewer-pipe outlet, his boat ran into and collided with the unseen obstruction, causing the injuries and damages complained of; that the obstruction was submerged a few inches below the surface of the water and was maintained by the Village of Liverpool with the knowledge and consent of the State of New York, its servants, officers, agents and employees and particularly the Department of Public Works, which had knowledge of the structure, consented thereto and participated in the planning, designing and maintenance thereof. The claimant further contends that the maintenance of this structure at a point opposite the village of Liverpool on the north shore of Onondaga Lake, where his boat came in contact with it, was dangerous and constituted a trap, that there were no buoy signals, markers or any warning whatsoever near this sewer outlet, and its presence constituted a menace to navigation.

This motion is made after a lapse of over fourteen months after the accident, and no notice of intention to file a claim or a claim has been filed. This claim was referred to claimant's attorney by an insurance company. The only reason which the claimant gives for his failure to timely file his claim is that by the time arrangements were made for the employment of such attorney by the insurance company, the ninety-day period in which to file a notice of intention to file a claim against the State of New York had expired. This reason, together with any other facts contained in the moving papers, is insufficient and does not constitute a legal and reasonable excuse for claimant's failure to file his claim or notice of intention on time. (*Williams* v. *State of New York,* 175 Misc. 972; *Apropo* v. *State of New York,* 161 Misc. 142, affd. 252 App. Div. 803; *Schroeder* v. *State of New York,* 252 App. Div. 16, affd. 276 N. Y. 627; *Travelers*

*Fire Ins. Co.* v. *State of New York,* 275 App. Div. 737; *Good* v. *State of New York,* 198 Misc. 786.)

The claimant's attorney further urges that the State would not be prejudiced by the late filing of the claim, for the reason that it had full knowledge of the sewer structure prior to the happening of this accident and that prior thereto it had maintained warning devices which were discontinued. Further, that another collision at the same point of accident, occurred on August 8, 1952, and that this same claimant's attorney filed a claim therefor on or about November 5, 1952, which set forth the full condition of the sewer and all the facts which might be needed to give the State full notice of the claimant's accident which was similar. The filing of the claim in the second case did not operate as a notice to the State of the first accident. (*Koonz* v. *State of New York,* 195 Misc. 390; *Apropo* v. *State of New York, supra.*)

This claim arises. from injuries and damages resulting from the navigation of State canals. The State has generally waived its immunity to suit and now consents to hear claims against it in the Court of Claims. However, there is an exception as to claims arising from the navigation of canals, which is embodied in section 120 of the Canal Law, which specifically provides: " There shall be allowed and paid to every person sustaining damages from the canals   *   *   *   the amount of such damages to be ascertained   *   *   *   before the court of claims   *   *   *; provided that the provisions of this section shall not extend to claims arising from damages *resulting from the navigation of canals,* and further provided that the provisions herein relating to damages resulting from navigation of the canals shall control notwithstanding any contrary or inconsistent provisions of any other law, general or special." (Emphasis supplied.) Onondaga Lake in its entirety is a part of the canal system. (Barge Canal Act, § 3; L. 1903, ch. 147, as amd. by L. 1934, ch. 342.) The claimant was engaged in navigation at the time of the accident.

The proposed claim does not state facts sufficient to constitute a cause of action and the court does not have jurisdiction of the subject matter herein set forth. (*Glens Falls Ins. Co.* v. *State of New York,* 188 Misc. 684; *Condon* v. *State of New York,* 169 Misc. 666; *Sayer* v. *State of New York,* 116 Misc. 644.)

The motion of the claimant herein is denied. Submit order accordingly.