OPINION OF THE COURT
Frank M. Klinger, J.
Defendant moves to dismiss the accusatory instrument on the ground that the animal control ordinance is unconstitutionally vague.
In support of her motion respondent cites the case of City of Columbus v Becher (173 Ohio St 197). In that case the ordinance prohibits keeping of any animal which “ ‘howls or barks or emits audible sounds to the annoyance of the inhabitants of this city’ ”.
The Ohio court ruled that the statute was unconstitutionally vague inasmuch as it did not indicate how many people would have to be annoyed for the conduct to constitute a violation of the ordinance.
The Oswego ordinance does not suffer from the same defect in that it does not require that “annoyance” occur. What constitutes persistent or constant barking, howling, whining, snarling or growling may be subject to some judicial interpretation but the terms are certainly understandable so that persons of average education can appreciate the conduct which is prohibited. (See this court’s decision in People v Bragg.)
In addition, the fact that many homes in the City of Oswego are located in very close proximity to each other — some even a matter of inches apart — makes the ordinance *225 all the more reasonable for the protection of those persons who might be persistently or constantly awakened or otherwise disturbed by an animal which might persistently or consistently bark, howl or whine, snarl or growl.
Accordingly, the defendant’s motion is denied and a trial date of Wednesday, April 28, 1982 at 2:00 p.m. is hereby set.