OPINION OF THE COURT
Donald J. Corbett, Jr., J.
The State moves to dismiss the claim of David Hugelmaier for lack of subject matter jurisdiction.
The claim alleges damages to claimant’s outboard motorboat when it struck a submerged object or objects in the wide water area of the Barge Canal near Spencerport, New York. It is further alleged that dredging of the wide water area was in progress at the time of the incident on August 24, 1983.
The State relies upon section 120 of the Canal Law which in pertinent part provides that “the provisions of this section shall not extend to claims arising from damages resulting from the navigation of canals, and further provided that the provisions herein relating to damages resulting from navigation of the canals shall control notwithstanding any contrary or inconsistent provisions of any other law, general or special.” Thus, there has been clear and unequivocal partial preservation of the State’s immunity for damages resulting from the navigation of canals. (Locke v State of New York, 140 NY 480; Penn No. 5 v State of New York, 205 Misc 18, 20.)
Claimant’s suggestion that the State may have preserved its immunity only as to commercial, as opposed to *1027 private, navigation is to no avail. Section 120 of the Canal Law allows payment “to every person sustaining damages from the canals or from their use or management” and subdivision 20 of section 2 of the Canal Law defines person as meaning an individual, partnership, corporation or association. Thus, the statute lends no support to claimant’s proposition. Furthermore, courts have previously examined the applicability of this provision of section 120 when considering claims not only by owners of commercial shipping but by owners of private motorboats and yachts (Glens Falls Ins. Co. v State of New York, 188 Misc 684; Gray v State of New York, 205 Misc 242; Sayer v State of New York, 116 Misc 644). “Evidently, according to the logic of the Locke case, the intention of the statute was to provide that parties while using the canal for their own benefit should take the risks of navigation without reference to whether they were caused or affected by the negligence of the State officers.” (Zorn v State of New York, 45 App Div 163, 165; Penn No. 5 v State of New York, supra, p 20.)
Rexford v State of New York (105 NY 229) is not inapposite hereto, as that claim was for personal injury to the claimant while he walked along the bank of the canal after having departed from his boat. Since claimant here seeks property damages only, his presence or absence at the wheel of his boat is not pertinent.
The court rejects claimant’s disingenuous attempt to differentiate “operating” a motorboat from “navigating” a motorboat. The term navigation has been broadly construed. (Cf. Glens Falls Ins. Co. v State of New York, supra.)
Finally, the court rejects claimant’s suggestions that this wide water area might not be part of the canal system proper. Learn v State of New York (113 Misc 2d 225) does not lend support to this proposition. The court there reviewed specific statutory enactments wherein the lands and waterways previously taken for purposes of canals were then utilized for reservoir purposes by the State and thus the Canal Law was found to be inapplicable. It is clear to the court that the gravamen of this claim is for damages resulting from navigation upon the Barge Canal, and that such claim is specifically excluded pursuant to section 120 of the Canal Law.
*1028 Accordingly, the State’s motion to dismiss the claim granted.