DAVID C. NARAMORE, Appellant, *v.* STATE OF NEW YORK, Respondent.

(Claim No. 23781.)

Argued January 13, 1941; decided March 6, 1941.

*Harold G. Hutchens* for appellant.

*John J. Bennett, Jr., Attorney-General (Leon M. Layden* of counsel), for respondent.

DESMOND, J.   On February 17, 1934, defendant's employees opened the sluice gates of the Barge Canal at Fairport, N. Y., and at Cartersville, N. Y., and allowed an extraordinary amount of water to flow into Irondequoit creek. The creek crosses claimant's premises and at that time, he maintained a dam in it for the purpose of supplying power for the operation of a flour mill.   On the day in question there was ice on the water above and around the abutments of the dam.   The ice was from one and one-half to two feet thick.   The additional water from the canal lifted the ice that was against the dam and the dam toppled over.

The Court of Claims found that the claim was duly filed, that the damages were caused solely by the negligent operation of the canal by defendant, and that claimant was not negligent, and granted judgment for claimant.

The Appellate Division, fourth department, reversed the judgment upon new findings of fact and conclusions of law, and dismissed the claim.   A new conclusion of law was that claimant was guilty of negligence which contributed

to the failure of the dam. The new findings of fact were to the effect that a channel had been cut in the ice along the upstream side of the dam in each year previous to 1934 in anticipation of the yearly release by the State of the waters in the canal; that claimant had timely notice before the failure of the dam that the water was rising in Irondequoit creek, and that for the preservation of dams of this character a channel should be maintained in the ice on the upstream side of the dam when ice attained a thickness of more than six inches.

The record shows, however, that claimant did not know and could not have anticipated that defendant's employees would drain the canal so early in the season or in a negligent manner; that a channel was maintained in the ice only at such times as a thaw threatened to increase the volume of water in the creek and that but for the negligence of defendant's agents the dam would have remained standing.

If the claim is not barred by the Statute of Limitations the judgment of the Appellate Division must be reversed and that of the Court of Claims reinstated.

The claim was filed pursuant to section 47 (now section 120) of the Canal Law (Cons. Laws, ch. 5), which provides: " There shall be allowed and paid to every person sustaining damages from the canals or from their use or management, or resulting or arising from the neglect or conduct of any officer of the state having charge thereof * * *." Allowance of such claims was first made by the Laws of 1870, chapter 321, section 1, and the act then provided that the claimant had to file his claim within two years. By the Laws of 1894, a similar provision with respect to the allowance of such claims was enacted, but no time was specified for the filing of a claim. (Laws of 1894, ch. 338, § 37, as amd. by Laws of 1899, ch. 280.) However, in 1897 the Court of Claims was established with " jurisdiction to hear and determine a private claim against the state, which shall have accrued within two years before the claim is filed." (Laws of 1897, ch. 36.) The jurisdiction of the Court of Claims was further limited by the Laws of 1905, chapter

370, to claims to which a notice of claim had been filed within six months from the time it accrued. At the time claimant sustained the damages herein sought to be recovered, section 15 of the Court of Claims Act (Laws of 1920, ch. 922, as amd.) read in part as follows: " No claim other than for the appropriation of land shall be maintained against the state unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the court of claims and with the attorney-general either a written claim or a written notice of intention to file a claim against the state." Claimant filed his claim within the period specified in this section.

It is conceded that claims made under section 47 of the Canal Law prior to September 1, 1929 were limited by the above quoted section of the Court of Claims Act. Defendant contends, however, that since the claim here is for a tort of its officers and employees, section 12-a of the Court of Claims Act (added by Laws of 1929, ch. 467, in effect Sept. 1, 1929) is applicable. The section reads in part as follows: " The state hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the supreme court against an individual or a corporation, and the state hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the state to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the state while acting as such officer or employee. * * * no action shall be maintained against the state for damages or injuries pursuant to this section unless a written claim or a written notice of intention to file a claim * * * shall be served upon the attorney-general and the superintendent of public works within sixty days after the alleged injury occurred, nor unless the claim shall be filed thereon within two years after the happening of the event which caused the injury."

As shown above, section 47 (now 120) of the Canal Law is a waiver by the State of its immunity from liability for specific tortious acts by its employees and has been part of our law since 1870. Section 12-a of the Court of Claims Act on the other hand is a general waiver by the State of its immunity from liability for the torts of its officers and employees, and is of recent date. Although the language of section 12-a of the Court of Claims Act is broad and inclusive, it does not include words of repeal. Repeal by implication is not favored. Thus, since section 47 of the Canal Law is not inconsistent with section 12-a of the Court of Claims Act, it can not be said that the Legislature intended by the enactment of the latter section to repeal the former section. The Statute of Limitations contained in section 12-a of the Court of Claims Act applies to claims made " pursuant to this section." The claim here was not made pursuant to section 12-a and, therefore, the statute limitation therein provided does not apply.

When the claim herein accrued, the historically applicable Statute of Limitation was section 15 of the Court of Claims Act as given above and since the claim was made within the time allowed by that section, the Court of Claims had jurisdiction to entertain the suit.

The judgment of the Appellate Division should be reversed and that of the Court of Claims affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH and CONWAY, JJ., concur; RIPPEY and LEWIS, JJ., taking no part.

Judgment accordingly.