GRAYDEN TOATES, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 28451.)

Court of Claims, December 19, 1947.

*Leo G. Hosenfeld* for claimant.

*Nathaniel L. Goldstein, Attorney-General (David Marcus* of counsel), for defendant.

LAMBIASE, J.   The claim, as filed herein on June 3, 1947, is " for the loss of use and damage to land rented by and in the possession of claimant, due to leakage from the Barge Canal, from the 1st day of January, 1945, to the 31st day of December, 1945, and from the 1st day of January, 1946, to the 31st day of December, 1946, by reason of the negligence in construction and maintenance of the banks thereof by the State of New York."

The State has moved to dismiss the claim on the grounds that it was not filed within the statutory period prescribed by subdivision 10 of section 3 of the Court of Claims Act, and that this court, therefore, has no jurisdiction in the premises.

Upon the argument of said motion, the date December 31, 1945, was conceded by the parties hereto as being the accrual date of that part of the claim herein covering the period commencing January 1, 1945, and ending December 31, 1945; and the date December 31, 1946, was conceded as being the accrual date of that part of the claim herein covering the period commencing January 1, 1946, and ending December 31, 1946.

Claimant contends that as to that part of his claim accruing December 31, 1946, there has been timely filing thereof since it was filed within six months of the accrual date, to wit: on June 3, 1947, in compliance with subdivision 4 of section 10 of the Court of Claims Act, the provisions of which, he insists, are controlling herein. In support of his argument he urges that his claim comes within the purview of section 120 (formerly § 47) of the Canal Law of the State of New York, and that his position is supported by the decision in *Naramore* v. *State of New York* (285 N. Y. 80), all of which he states to be controlling upon us and requires the denial of the motion of the State as to that particular part of his claim.

Claimant concedes that with respect to that part of his claim covering the period commencing January 1, 1945, and ending December 31, 1945, which, it has been stated herein, was conceded to have accrued on December 31, 1945, the motion of the State should be granted. Therefore, the motion of the State with reference to that part of the claim should be and hereby is granted, and the claim as to that part thereof should be and hereby is dismissed.

Section 10 of the Court of Claims Act (L. 1939, ch. 860, in effect July 1, 1939) in pertinent part now provides and at all times in the claim mentioned provided:

" No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim.

" 1. * * *.

" 2. * * *.

" 3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of inten-

tion to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

" 4. A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual.

" 5. * * *."

Since it appears that no written notice of intention to file a claim has ever been filed by the claimant, we are not concerned with that part of subdivisions 3 and 4 above quoted which provides in substance that in the event that a claimant shall file a notice of intention to file a claim within the time therein set forth, the claim shall be filed within two years after the accrual of such claim.

Section 120 (formerly § 47) of the Canal Law, (Cons. Laws, ch. 5) now provides and at all times in the claim set forth provided: " There shall be allowed and paid to every person sustaining damages from the canals or from their use or management, or resulting or arising from the neglect or conduct of any officer of the state having charge thereof, or resulting or arising from any accident, or other matter or thing connected with the canals, the amount of such damages to be ascertained and determined by the proper action or proceedings before the court of claims, but no judgment shall be awarded by such court for such damages in any case unless the facts proved therein make out a case which would create a legal liability against the state, were the same established in evidence in a court of justice against an individual or corporation; * * *." Allowance of such claims as provided for by section 120 above quoted was first made by section 1 of chapter 321 of the Laws of 1870. In discussing that section, the court, in *Sipple* v. *State of New York* (99 N. Y. 284, 288) stated: " The object in view was the protection of the citizen, and not the exemption from liability of the State; and it is quite evident that the State thereby intended to assume, with reference to the management of the canals, the same measure of liability incurred by individuals and corporations engaged in similar enterprises, and to afford to parties injured the same redress which they would have against individuals and corporations for similar injuries." (Canal Law, § 120, formerly § 47; *Mohawk Carpet Mills, Inc.*, v. *State of New York*, 267 App. Div. 707, motion to dismiss appeal denied, 295 N. Y. 942, affd. 296 N. Y. 609.)

The claim herein specifically alleges that the damage to claimant was caused by reason of the negligence in the construction and maintenance of the banks of the Barge Canal by the State of New York, and in his brief submitted herein (p. 2 thereof) claimant's counsel states: " The claim in the *Naramore* case was founded upon the negligence of the officers and employees of the State of New York, in operating and maintaining the Barge Canal. The claim in this case is founded upon the same." Considering the allegations contained in the claim and the statements of claimant's attorney made in connection therewith, it is apparent that the claim sounds in tort and particularly in negligence.

Section 8 of the Court of Claims Act (L. 1939, ch. 860) now provides and at all times in the claim mentioned provided: " The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to affect, alter or repeal any provision of the workmen's compensation law."

Section 12-a of the Court of Claims Act (L. 1929, ch. 467), which was the predecessor section to the above-quoted section 8, was held to be not inconsistent with section 47, now section 120 of the Canal Law of the State of New York; *Naramore* v. *State of New York* (285 N. Y. 80, 84, *supra*); and in *Glens Falls Ins. Co.* v. *State of New York* (188 Misc. 684), it was held that section 8 of the Court of Claims Act above quoted was not inconsistent with section 120 aforesaid.

We have concluded that whether we consider the claim herein as having been made under section 120 of the Canal Law, or under the broad waiver of immunity provided for in section 8 of the Court of Claims Act, or under both said sections, it is obvious from its allegations that claimant seeks to recover upon the grounds of negligence.

Section 120 of the Canal Law does not contain any specification of time within which a claim thereunder must be filed. We are satisfied that the provisions of subdivision 3 of section 10 of the Court of Claims Act are applicable to and controlling in the matter before us, and we so hold. (*Di Laura* v. *State of New York,* 169 Misc. 912.) We hold further that subdivision 4 of section 10 of the Court of Claims Act is not applicable since the instant claim is not one " for breach of contract, express or

implied," and is not a claim "not otherwise provided for by this section". (Court of Claims Act, § 10, subd. 4.)

We have examined very carefully the decision in the *Naramore* case (*supra*), and we have concluded that it does not militate against what we have determined herein. In fact, we are satisfied that we are in entire accord therewith for therein the court applied "the historically applicable Statute of Limitation", and that is exactly what we have done herein.

The motion of the State of New York for an order dismissing claimant's claim herein must be and hereby is granted on all the grounds set forth in its moving papers.

An order may be submitted accordingly.