H. C. SCHROEDER, Respondent, v. THE STATE OF NEW YORK, Appellant.*

(Claim No. 24237.)

Fourth Department, June 30, 1937.

*Leon M. Layden, Assistant Attorney-General [John J. Bennett, Jr., Attorney-General]*, for the appellant.

*Hugh J. O'Brien*, for the respondent.

CROSBY, J. This is an appeal by the State of New York from a judgment granted to the claimant in the Court of Claims. No argument is offered, on either side, as to the merits of the claim. It is the contention of the State that the claim was not filed, and notice of intention served, within six months after the claim accrued, as provided by former section 15 of the Court of Claims Act; and that claimant did not show himself entitled to relief under subdivision 5 of section 15, as added by chapter 775 of the Laws of 1936.

Said subdivision reads as follows:

" 5. A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the State or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim. The application may be made returnable at any regular or special session of the court and may be heard and determined by any judge thereof. The claim proposed to be filed, containing all of the information set forth in section fifteen-a of this act, shall accompany such application. No such application shall be granted if the court shall find that the State has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor.

" Nothing in this act contained shall be construed to allow the court to hear any claim which as between citizens of the State would be barred by lapse of time."

Claimant asserts that he was compelled to furnish, and, under protest, did furnish extra work and material on a State road contract. After the contract was completed, and on March 16, 1935, claimant executed a receipt for final payment, reserving in it, by appropriate language, his right to recover for the claimed extras. On March 29, 1935, claimant received his check from the State. Concededly the claim accrued not later than the latter date. The claim was not filed until December 20, 1935, or nearly nine months after accrual.

On the trial the court indicated an intention to dismiss the claim for failure to file in time. Whereupon claimant's attorney offered his own oral testimony to bring claimant within the provisions of subdivision 5, quoted above.

Before analyzing the testimony let us see what that subdivision requires in order to excuse the filing within six months. The application for permission to file after the six months, and within two years from the accrual of the claim, (1) Must be on motion based upon affidavits. (2) Must show a reasonable excuse for not filing within six months. (3) Must show that the State, prior to the expiration of the six months after accrual of the claim, had actual knowledge of the essential facts constituting the claim. (4) Must show that the State has not been substantially prejudiced by the delay in filing the claim.

With these requirements in mind, let us see what the attorney's testimony showed, and how it met the four requirements above stated. But, first we note that the testimony was not objected to. To be sure a motion was thereafter made to strike it out. The court was probably justified in not striking out testimony not objected to when offered. One is not permitted to sit idly by and permit incompetent testimony to be given, taking a chance that it may be favorable and then insist, as a matter of right, upon having it stricken out.

So let us consider the testimony for what it is worth.

(1) It was not given in affidavit form and on motion as required by the quoted section. But since no objection was made to the evidence when offered nor to the purpose for which it was given, this irregularity in practice may be considered to have been waived by the State.

(2) Does the testimony of the attorney show " a reasonable excuse " for not filing the claim within six months? The witness testified that " early in 1935 " he was consulted by claimant in regard to making up his final estimates for the purpose of making his claim for payment on the contract, and further: " I handed to him for incorporation in the agreement covering final estimate the statement to be made reserving the right to present his claim to the Court of Claims," etc. Therefore, not only the claimant but his attorney also knew of the controversy and the claim, and the nature of the claim even before the six months began to run. He testified that as early as June or July he knew that the State had made the final payment to claimant, and, of course, must have known that the final payment did not include the amount claimed for extras. There were, at that time, still two or three

months in which to file the claim. The witness offers no excuse whatever for not filing the claim within the next two or three months, except that in 1935 he moved his office and that he was absent from the country for two or three months. He does not say when, in 1935, he moved his office, or when he was absent from the country, or why the matter could not have been attended to even though he did move his office and leave the country.

We think the court exceeded the limits of its discretion in holding that claimant showed any reasonable excuse for his delay.

(3) There can be no question but that the State had actual knowledge of the essential facts constituting the claim at all times after the controversy first arose.

(4) Upon this record it is difficult to say whether or not the State has been substantially prejudiced by the delay in filing the claim. Subdivision 5 does not provide that the claimant shall show that the State has not been prejudiced, but it says: " No such application shall be granted if the court shall find that the State has been substantially prejudiced," etc. If the burden is upon the claimant, in this regard, it should rest lightly on his shoulders, for the State would have less difficulty in showing that it was prejudiced than the claimant would have in showing the contrary. In view of our decision that the evidence given furnished no valid excuse for the failure of claimant to file his claim and serve his notice of intention within the statutory six months' period, we need not decide this point.

The judgment should be reversed on the law and the facts with costs, and the claim dismissed.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment reversed on the law and facts, with costs, and claim dismissed, with costs.