JOHN L. THOMPSON, Respondent, v. THE STATE OF NEW YORK, Appellant. — Appeal from an order of the Court of Claims granting leave to the claimant to file his proposed claim although there had been a lapse of more than ninety days from the time when the claim arose. Claimant was a member of the New York State Employees' Retirement System. He left his employment in September, 1936. He made application for the return of moneys which he had accumulated. Checks to his order were forwarded to the address stated in the application. He contends that the checks were negotiated without his indorsement and that the purported indorsements were forgeries. It is for the sum represented by such checks that he sought to file his claim. The State contends that the Court of Claims was without power to grant the order appealed from on the grounds that the order was not made until more than two years after the accrual of the claim. (Former Court of Claims Act, § 15, subd. 5.) Application for the order, however, was made prior to the expiration of the two-year period, and the order should, therefore, be held to refer back to the date of the application. The State has not been substantially prejudiced within the meaning of the statute. Section 326 of the Negotiable Instruments Law does not apply where the payee's indorsement has been forged, at least unless there has been some negligence on the part of the State. (*Shipman* v. *Bank of the State of N. Y.*, 126 N. Y. 318.) The application for permission to file the claim beyond the ninety-day period must be based upon affidavits which show a reasonable excuse for the failure to file within that period. It cannot be said arbitrarily that the affidavits submitted do not set forth such an excuse, and that the Court of Claims abused its discretion in so deciding. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.