DAVID W. KAHN, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Court of Claims, March 31, 1942.

*Costello, Cooney & Fearon [George R. Fearon* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor General,* and *James H. Glavin, Jr., Assistant Attorney-General,* of counsel], for the defendant.

FITZSIMMONS, J. Three questions concerning the provisions of subdivision 5 of section 10 of the Court of Claims Act are involved herein: timeliness of making application, reasonableness of excuse offered for failure to file written notice of intention to file claim, and whether or not the State or its appropriate department had actual knowledge of the essential facts constituting the claim.

The question concerning timeliness of making application herein raises a phase of that subject not heretofore passed upon by this court.

On or about May 23, 1934, claimant entered into a contract with the State of New York, acting by and through the Attorney-General of the State of New York, pursuant to authority conferred upon him by the Executive Law, whereby claimant should be employed by the State of New York as a Special Assistant Attorney-General for the purpose of discovering and collecting unclaimed funds deposited in Federal District Courts as property escheated to the State of New York, compensation for which was to be dependent, and then fixed by the Attorney-General, upon the successful recovery of such funds. Claimant accepted such appointment, took the oath of office, duly qualified and, according to his claim, entered into the discharge of his duties, performing such duties between the 23d day of May, 1934, and the 23d day of February, 1940, when his contract of employment was terminated through his discharge by the Attorney-General.

Claimant seeks $100,000 damages on the ground that by his discharge he " was wrongfully prevented from the performance of the contract of employment."

Motion herein is directed to the discretion of this court, under which permission may be granted for filing of claim under certain conditions specifically provided by the Court of Claims Act (§ 10, subd. 5) " at any time within two years after the accrual thereof * * *."

Notice of motion herein bears date of February 18, 1942, and return date of February 26, 1942.

Service of motion papers was made upon both the Attorney-General and the clerk of this court on February 18, 1942.

On the return date designated, this matter, by written order of this court, was adjourned without prejudice as to ultimate date of order herein, and thereafter, by stipulation, came on to be heard at a Special Term of this court held this 31st day of March, 1942, in Albany, N. Y.

Accrual date of claim herein is February 23, 1940. It is claimant's contention that his application for permission to file claim is timely — since both the date of notice of motion and service thereof is February 18, 1942.

Formal order, permitting filing of a claim, bearing date beyond the statutory period of two years, may be granted by this court — provided that application therefor is made within the two-year period. (*Thompson* v. *State of New York*, 258 App. Div. 758.)

Records of this court disclose that the accrual date of the claim in *Thompson* v. *State of New York* (*supra*) was " on or about September 17th, 1936," and that the return date of notice of motion for permission to file claim therein was September 14, 1938 — three days in advance of the expiration of the statutory permissible period.

The rule laid down in *Thompson* v. *State of New York* (*supra*) is of no avail to claimant in the instant matter, since the return date of the application, February 26, 1942, the first date available to this court to pass upon the matter, is beyond the two-year limit of accrual date.

As excuses for his failure to file notice of intention to file claim herein, claimant recites that he lacked knowledge of the Court of Claims Act and, further, that he had relied upon the word of a legislator that the Attorney-General would very likely withdraw his order of claimant's dismissal and thereafter renew his contract of employment, provided that there be enactment of certain then pending State legislation (now Laws of 1941, chap. 815) concerning the return to the State of New York of certain Federal District Court funds, and he decided to do nothing which might be deemed prejudicial to his possible redesignation as a Special Assistant Deputy Attorney-General.

We find such excuses unreasonable.

It further appears by the State's answering affidavit herein that at no time up to the 23d day of February, 1940, did it have any knowledge whatsoever that claimant had, or claimed to have, performed any duties pursuant to his designation as Special Deputy Attorney-General; that at no time to the date hereof have any moneys been turned over to the State by Federal District Courts, either as a result of any effort, or alleged effort, on the part of claimant — or for any other reason.

Answering affidavit herein discloses that on or about February 14, 1942, four days before date of notice of motion herein, claimant rendered a bill for $100,000 for alleged services performed, to both the Governor and the Attorney-General of this State. The Governor, acting through his counsel, Hon. Nathan R. Sobel, on February 17, 1942, wrote to claimant, advising him " you have no just claim for any compensation." The Attorney-General's reply to such bill rendered rests upon the matter set forth in answering affidavits herein.

It appears to our satisfaction that neither the State nor the Attorney-General's office had either actual or inferential knowledge of the essential facts constituting the claim herein.

Permission to file claim is hereby denied; order may be submitted accordingly.