HOWARD A. WEBER, Claimant, *v.* STATE OF NEW YORK, Defendant.

(Motion No. 934.)

Court of Claims, August 26, 1943.

*Winston S. Ives* and *Arthur John Keeffe* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Harold S. Coyne* of counsel), for defendant.

BARRETT, P. J. Howard A. Weber, then an infant, on October 22, 1941, while a student in the carpentry class in the New York State Agricultural and Technical Institute at Delhi, N. Y., and

engaged in the construction of a house, fell from a scaffold and was injured. This is a proceeding under subdivision 5 of section 10 of the Court of Claims Act (L. 1939, ch. 860) for permission to file a claim against the State for damages as a result of said accident.

Such a claim or a notice of intention to file a claim must be filed within ninety days after the accrual of the claim. (Court of Claims Act, § 10, subd. 3.) Where there is a failure to so file, permission may be granted within two years after the accrual (§ 10, subd. 5). The application for such permission must be made upon motion based upon affidavits showing a reasonable excuse for the failure to file within the proper time, actual knowledge upon the part of the State or its appropriate department of the essential facts constituting the claim, a finding by the court of the absence of substantial prejudice to the State, and the submission of a claim containing the information set forth in section 11 of the Court of Claims Act. (§ 10, subd. 5; *Schroeder* v. *State of New York,* 252 App. Div. 16, affd. 276 N. Y. 627.)

It is apparent from the motion papers that the State and its employees had actual knowledge of the happening of the accident, that the State has not been substantially prejudiced by the failure to file the claim within the time prescribed, and that the claim contains the information required.

There is, however, a serious question as to whether a reasonable excuse for the failure to file in time has been furnished. The applicant was confined in the Delhi Hospital, following the accident, for a period of one hundred and one days. The injuries alleged to have been sustained were fracture of the upper left femur with accompanying shock and general bruises. Mere confinement in the hospital as a result of such injuries might not render the applicant incapable of making his claim and there is nothing in the motion papers to indicate any such incapacity. However, we do not deem it necessary to decide that question. The applicant became twenty-one years of age on February 22, 1943, and since infancy is a legal disability he had until February 22, 1945, within which to file his claim under that portion of said subdivision 5 of section 10 of the Court of Claims Act which provides as follows: "But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed." This sentence is silent as to the filing of a notice of intention to file a claim within the ninety-day period following the accident, and it would indeed be a strained construction of the language used to say that a person under such legal disability must be denied

any relief because of failure to file a notice not expressly required. In fact, in *Murphy* v. *Village of Fort Edward* (213 N. Y. 397) it was held that the failure of an infant to comply with a village ordinance requiring the filing of a notice of claim in an action for personal injuries was suspended during the disability. There are no degrees of disability. Either a person is under a legal disability or he is not, and, if he is, it is clearly the spirit and intention of the provision in question to hold everything in abeyance until the disability is removed. In *Louden* v. *State of New York* (181 Misc. 139) where the question involved was whether a guardian *ad litem* had been properly appointed by a court other than the Court of Claims, Judge Dye said: "The granting of the within motion will not strike at the root so as to destroy the infant's right of action by taking jurisdiction away from the court. Here the general waiver of immunity (Court of Claims Act, § 8), would not be forfeited by the running of the statute in any event. Granting of the motion would accomplish nothing final. The infant would still have time to start over again and try his case anew. (Civ. Prac. Act, § 60; Court of Claims Act, § 10, subd. 5.) "

*Federman* v. *State of New York* (173 Misc. 830) is not in conflict with the views expressed herein. The motion is granted, providing that the claim and twelve copies thereof are filed with the Clerk of the Court of Claims and a copy thereof served upon the Attorney-General, within thirty days from the granting of the order herein.

An order may be submitted accordingly.