KATHERINE MONAHAN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 1326.)

Court of Claims, August 1, 1947.

*McClung, Peters & Simon* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Sidney B. Gordon* of counsel), for defendant.

BARRETT, P. J. It appears from the moving papers herein that an agreement for the sale of certain real property located in the town of Lebanon, Columbia County, was entered into by the Home Owners' Loan Corporation and petitioner on or before February, 1941, which contract provided for the delivery of a deed of such property to petitioner and which contract also permitted petitioner, pending the delivery of the deed, to occupy and use the premises. It also appears that such deed was executed on November 23, 1946 and recorded in the office of the Clerk of the County of Columbia on January 14, 1947 and that petitioner had used and occupied the property since the execution of the contract of sale.

It is claimed that the premises were damaged by the flood waters of a brook on July 22, 1945, as a result of the installation by the State of an inadequate culvert in a reconstructed highway and this is a motion made pursuant to the provisions of subdivision 5 of section 10 of the Court of Claims Act for permission to file a claim against the State to recover such damages, no notice of intention to file a claim or claim having been filed within the ninety-day period prescribed by subdivision 3 of section 10 of the Court of Claims Act.

The State in resisting the application contends that as the cause of action arose on or about July 22, 1945, petitioner

at that time was not the owner of the property and therefore not entitled to maintain the claim.

While the legal title to the property at the time the claim accrued was in the vendor, such title was held only as security for the unpaid purchase price and the vendee was the real and equitable owner and as such and being the person in possession had the right to maintain a claim against the State for the damages allegedly sustained on July 22, 1945. (*Moore* v. *Taylor,* 175 App. Div. 37, 39; *Clarke* v. *Long Island Realty Co.,* 126 App. Div. 282; *Reife* v. *Osmers,* 252 N. Y. 320.)

Before an application for permission to file a claim where the time for filing has expired can be granted, it must appear upon affidavits that there is a reasonable excuse for the failure to file such claim or a notice of intention to file a claim within the proper time, that the State or its appropriate department had actual knowledge of the essential facts constituting the claim prior to the expiration of the prescribed period and that the State has not been substantially prejudiced by such failure. (Court of Claims Act, § 10, subd. 5; *Schroeder* v. *State of New York,* 252 App. Div. 16, affd., 276 N. Y. 627.)

It is apparent that employees of the State had actual knowledge of the flood conditions. As to the objection that petitioner has failed to furnish a reasonable excuse for such failure she claims that she was only the equitable owner of the property and was unaware of the fact that she was required to file within ninety days after the claim accrued, that she was approached within a few days after the damages were sustained by a person who informed her that he was representing the Government and interested in ascertaining the damages to the property and that she got the impression from her conversation with that person that a settlement would be made by the State for the damages done and that she was only informed within the week preceding July 3, 1947, that the person in question represented the United States and not the State of New York.

Under the cited authorities, petitioner since July 22, 1945 possessed the right to file her claim and her ignorance of such right is obviously not sufficient excuse to justify the requested relief, nor is her mistaken impression of the identity and purpose of the person representing the government.

The motion is denied. (*Kahn* v. *State of New York,* 178 Misc. 272; *Williams* v. *State of New York,* 175 Misc. 972, 977.)

An order may be submitted accordingly.