GROVER R. HANEY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 1328.)

Court of Claims, November 6, 1947.

*George P. Wenger* and *Kenneth S. MacAffer* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan* of counsel), for State of New York, defendant.

GREENBERG, J. Upon this application for leave to file a claim to recover damages for personal injuries sustained on April 4, 1946, claimant submits as the reason for his failure to file a claim or notice of intention, that he was " ignorant of our laws." He states that he had resided all his life in Tennessee, that he came to the State of New York during the month of April, 1945, to take employment at Cohoes, New York, and that since the accident has returned to Tennessee. He further asserts

that he was not aware that he could make claim for damages against the State of New York until he was recently apprised of such fact by the widow of his brother, who had died as a result of injuries received in the same accident. The widow had caused an investigation to be made of the accident and the circumstances surrounding same and filed a claim against the State as administratrix of her deceased husband's estate.

It has been repeatedly held that ''ignorance of the law is no excuse.'' (*Burchetta* v. *State of New York*, 43 N. Y. S. 2d 289; *Kahn* v. *State of New York*, 178 Misc. 272; *Monahan* v. *State of New York*, 189 Misc. 533; *Williams* v. *State of New York*, 175 Misc. 972.) The fact that claimant herein was formerly a non-resident of the State of New York, had been a resident of this State for but a brief period and since the accident had returned to his native State, does not extend to him any greater rights under the statute (Court of Claims Act, § 10, subd. 3).

Even though it may seem somewhat anomalous for the widow of claimant's brother to have her day in court upon the trial of her claim to recover damages (Court of Claims Act, § 10, subd. 2), and claimant be refused such right to have his claim adjudicated herein because of his failure to file within the statutory period, limitation upon the power of this court compels a denial of the motion herein. Relief cannot be obtained herein but must emanate from the Legislature.

Claimant having failed to show any reasonable excuse for his delay in filing his claim or notice of intention, upon the authority of *Schroeder* v. *State of New York* (252 App. Div. 16, affd. 276 N. Y. 627), the motion herein is denied.