VINCENZO GUIFRE, Claimant, v. STATE OF NEW YORK, Defendant.
(Motion No. 1379.)

Court of Claims, May 4, 1948.

*Joe Schapiro* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Frank M. Noonan* of counsel), for defendant.

RYAN, J. Claimant made application for permission to file a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act (L. 1939, ch. 860) but defaulted in appearance on the return day of the motion at Utica and the application was denied. Claimant's attorney then moved to open the default showing that he had written a letter to the clerk of the court asking for an adjournment. The letter was mailed on a Saturday and reached the clerk's office in Albany on the following Monday which was the return day of the motion. Neither the court nor the clerk were informed of the letter at the time the court was in session at Utica. The motion to reopen the default was granted. Simultaneously claimant asked leave to argue his motion for per-

mission to file a claim and for an order permitting him to amend the claim attached to the original motion papers. The court's action on these two requests has been deferred until now.

The proposed claim is based on the alleged negligence of the State of New York in the maintenance of the old Erie Canal in Madison County resulting in the flooding of claimant's lands and the destruction of his growing crops. As numerous claims of claimant's neighboring farmers arising from the same flood are pending in this court we are of the opinion that claimant has satisfied two requirements of subdivision 5 of section 10 of the Court of Claims Act namely, that the State or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting this claim and that the State has not been substantially prejudiced by Guifre's failure to file his notice of intention within the time limited therefor.

However, claimant must meet other conditions. One is that he must show a reasonable excuse for his failure to file his notice of intention. The excuse presented in Guifre's affidavit is worded as follows: " That at the time of the damage caused to your deponent's crops your deponent was out of the State and did not return for several months thereafter. That upon his return, deponent was of the opinion that no claim could be filed for the reason. that deponent was ignorant of the laws and customs of this State and that deponent is of foreign extraction and was not aware that he had a claim against the State until he was recently apprised of the fact."

If this is a plea of ignorance of the law it is not an excuse which justified our granting this application. (*Williams* v. *State of New York,* 175 Misc. 972 [1941]; *Kahn* v. *State of New York,* 178 Misc. 272 [1942]; *Burchetta* v. *State of New York,* 43 N. Y. S. 2d 289 [1943]; *Monahan* v. *State of New York,* 189 Misc. 533 [1947].)

However, if claimant's statement is a plea of ignorance of the facts in respect to the accrual of his damages and their cause and such lack of information is correlated to his absence from the State when they occurred, it may be sufficient, construed liberally. Claimant is entitled to the full benefit of the distinction between " claim accrued " and " cause of action accrued ". (*Dufel* v. *State of New York,* 198 App. Div. 97 [1921]; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373 [1937], affd. 277 N. Y. 635.) The burden of establishing that his tardiness in filing notice of intention was due to lack of information of the facts rather than ignorance of the law

rests upon claimant. He did not sustain that burden upon his original motion papers and has not improved his position by his counsel's present affidavit wherein it is averred that claimant " was not aware that a claim could be filed, until a later date."

Another condition imposed by subdivision 5 of section 10 of the Court of Claims Act is that the claim proposed to be filed, containing all the information set forth in section 11 of the Court of Claims Act shall accompany the application. Section 11 of the Court of Claims Act requires that the claim shall state the " time when and place where " the claim arose and that the claim shall be verified in the same manner as a complaint in an action in the Supreme Court. Claimant's attorney has realized that the proposed pleading failed to contain the date when the claim arose. It is this omission which he now proposes to supply by amendment. To accomplish this the attorney presents his own affidavit which recites " that said claim arose on May 21 and 22 and June 2, 1947." This statement, not asserted upon information and belief, but flatly declared, is the basis of a prayer to amend the proposed claim " so that it contains the dates of May 21, 22 and June 2, 1947 ". Liberal as the practice has become with respect to pleading, it is our belief that there are some formalities which have not yet been abandoned. It seems to us that a proposed amended claim, phrasing the allegations which the claimant expects to prove, and which the defendant may be required to controvert, with some degree of definiteness and certainty, ought to have accompanied this second application.

We could perhaps overlook this carefree manner of pleading were it not for a more serious defect in claimant's original motion papers. The language of sections 10 and 11 of the Court of Claims Act means that the proposed claim shall be verified. The document submitted to us as a proposed claim has not been verified. It bears a typewritten affidavit of verification but the lines intended for the signatures of the affiant, Vincenzo Guifre, and for the notary public, are blank. It is this *unverified* proposed claim which we are asked to amend, not by the presentation of a proposed verified claim and not by the affidavit of the person who asks this court to excuse his dereliction. He alone knows when he became aware of the extent of his injury and when, in the sense that his *damages had matured,* his claim accrued. (*Dufel* v. *State of New York, supra.*)

Because of the defects and insufficiencies hereinabove noted the application for permission to file a claim is denied. That leaves nothing to amend. Enter order.