JOHN S. PURINTON et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28875.)

Court of Claims, January 8, 1949.

*John W. Nichols* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Edward R. Murphy* of counsel), for defendant.

GORMAN, J. Claimants failed to file a claim or notice of intention within the time limited therefor by subdivision 3 of section 10 of the Court of Claims Act. They now ask permission of this court to file a claim by a motion duly made under subdivision 5 of section 10 of the same act.

We shall only concern ourselves with the excuse offered for failure to comply with the prescribed statute.

These are the alleged facts: Claimants visited their property on December 10, 1947, and were informed by their tenant that a large shade tree growing between the farmhouse and the paved portion of the highway had been cut down a few days before by a maintenance crew of the State Highway Department. They immediately consulted an attorney. The same day the attorney

wrote to the resident assistant engineer of the State Highway Department at Saratoga Springs, informing him of the cutting of the tree without the knowledge or consent of claimants. The engineer replied on December 16, 1947, stating that he had received orders from Albany to cut the tree and that the records, as well as a field inspection, showed it to be about five feet from the edge of the pavement and well within the highway limits. Two months passed and a claim was filed on or about February 18, 1948. On April 19, 1948, at the call of the calendar, claimants learned from examining the State Highway Department's records and talking with the maintenance foreman and witnesses, that the tree had actually been removed on October 31, 1947. Claimants thereupon consented to a dismissal of their claim.

The application is addressed to the court's discretion. A reasonable excuse is essential and any relief not predicated upon such, would exceed discretionary limits. (*Schroeder* v. *State of New York,* 252 App. Div. 16.) The only excuse presented by the affidavits for failure to file within the statutory period is reliance upon the alleged statement of a tenant as to the date the cause of action accrued. Whether the tenant actually witnessed the tree removal, does not appear. His name is not given, nor is any information given concerning him. For all that appears, his alleged knowledge may consist of further hearsay from unreliable sources. The claimants and their attorney knew on December 10, 1947, of the existence of their cause of action. They knew upon receipt of the letter dated December 16, 1947, of the State's claim of right in the premises and of the statutory procedural requirements. Slight investigation or inquiry of the engineer's office, records or employees, would have disclosed the correct date or laid some foundation for this application. Reasonable cause for believing a thing to be a fact has generally been defined as such grounds of belief as would warrant a cautious man in the conclusion that it is true. The mistake which is sought to be relieved from must not have been the result of carelessness in the particular case incompatible with the conduct of an ordinarily prudent person. In the absence of any fact inferentially pointing toward due diligence in the premises, we are not convinced of the sufficiency of the excuse offered, as being based on reasonable grounds. Nor, under the circumstances in this case, do we believe the failure to act for the given reason during the interval after notice of the controversy and claim, should constitute excusable neglect. Ignorance of a fact and mistake are not pre-

cisely equivalent expressions. Mistake of fact always supposes some error of opinion. Ignorance of fact may suppose mere want of knowledge or opinion. But such ignorance may not be voluntary or willful. This court has stated: '' If mere mistake or misapprehension, whether of a claimant or his attorney, as to the clear provisions of section 10 of the Court of Claims Act, is to excuse compliance therewith, the safeguards to the State therein provided for will be meaningless.'' (*Williams* v. *State of New York,* 175 Misc. 972, 977.) It has been repeatedly held that '' ignorance of the law is no excuse.'' (*Haney* v. *State of New York,* 190 Misc. 493, 494.) Ignorance of fact in respect to the accrual of damages and their cause, properly correlated and presented, may be an excuse. (*Guifre* v. *State of New York,* 192 Misc. 480; *Dufel* v. *State of New York,* 198 App. Div. 97.) Such is not the situation here.

To grant this application would enlarge the theory of reasonableness and open the door to applications based on hearsay and would be inconsistent with the established rules and precedents of this court.

It, therefore follows that the motion of the claimants for permission to file their proposed claim should be denied.