In the Matter of HELEN DONOVAN, Petitioner, against BOARD OF EDUCATION OF PEEKSKILL UNION FREE SCHOOL DISTRICT, Respondent.

Supreme Court, Special Term, Westchester County, May 2, 1950.

*Myle J. Holley* for petitioner.

*Oliver K. King* for respondent.

COYNE, J. Application for leave to file a notice of claim pursuant to section 50-e of the General Municipal Law. Petitioner, a woman fifty-six years of age, sustained personal injuries on January 12, 1950, while on premises controlled by the Board of Education of Peekskill Union Free School District. The injury consisted of a break in her right ankle in three different places. On January 13, 1950, petitioner was taken to the Peekskill Hospital where an operation was performed on her ankle, and a screw inserted into her ankle joint to hold the bones in proper alignment. A cast was applied which petitioner wore until January 28, 1950, when a new cast with a walking iron was applied. Petitioner returned to her home from the hospital on February 4, 1950, and remained there until March 11, 1950, when she visited the hospital for the purpose of having the second cast removed. Petitioner's time to file a notice of claim expired on March 12, 1950. It appears from the affidavit of petitioner's attorney, annexed to the moving papers, that he was not retained until March 29, 1950. The present application by notice of motion dated April 15, 1950, was returnable before the court on April 29, 1950.

It is regrettable that petitioner's notice of claim was not filed in due time. However, the court is satisfied, on the facts shown, that her failure to timely file was not due to any mental or physical disability on her part. While consideration has been given to the decision in *Braunstein* v. *City of New York* (272 App. Div. 1060 [2d Dept., Nov. 1947]), the court is inclined to follow the holding in *Haas* v. *Incorporated Vil. of Cedarhurst* (298 N. Y. 757 [Dec. 1948]). In the latter case, under a factual situation much more favorable to the petitioner, the Court of Appeals unanimously affirmed an order of the Appellate Division denying the application. The court has also given consideration to the more liberal policy recently promulgated by the Legislature in increasing the filing period from sixty to ninety days. (L. 1950, ch. 481, eff. Sept. 1, 1950.) On the law as it now stands, the court is obliged to conform to the policy enunciated by the Court of Appeals. Motion denied. Submit order.