JOSEPHINE MATTEO, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 31160.)

Court of Claims, October 10, 1952.

524

*Sol Greenberg* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Edward L. Book-stein* of counsel), for defendant.

Sylvester, J. Upon this motion for leave to file a claim, it appears that claimant's attorney filed and served a notice of intention on November 9, 1950, ninety-one days after the accident, and that the notice of claim was filed and served on January 24, 1952.

The time within which to file the notice of intention was misapprehended, counsel having made his computation on a monthly basis. In the period following the accrual date of August 10, 1950, there were two intervening thirty-one-day months which entered into the calculation, requiring the filing of the notice to be made not later than November 8, 1950. The State was notified of the accident on September 14, 1950, or thirty-four days after the accident.

The Attorney-General urges that because the application for leave to file was made returnable on a day subsequent to the two-year period, though served and dated prior to two years from the accrual of the claim, the court lacks jurisdiction to grant claimant's application. This contention cannot be sustained since the date of the application is the controlling factor and the motion must be deemed to have been made prior to the expiration of two years from the date of accrual of the claim. In *Thompson* v. *State of New York* (258 App. Div. 758) it was said: " The State contends that the Court of Claims was without power to grant the order appealed from on the grounds that the order was not made until more than two years after the

accrual of the claim. (Former Court of Claims Act, § 15, subd. 5.) Application for the order, however, was made prior to the expiration of the two-year period, and the order should, therefore, be held to refer back to the date of the application."

Moreover, it appears that the paper bearing the legend " Notice of Intention " contained all the necessary allegations of a notice of claim except for its labelling, and is therefore entitled to be regarded as a notice of claim. (*Chalmers & Son* v. *State of New York*, 271 App. Div. 699, affd. 297 N. Y. 690.)

The State having had notice of facts pertaining to this claim within the ninety-day period and not having been prejudiced by the delay of one day which, in these circumstances, is excusable, the motion for leave to file the claim is granted. The formal claim which was filed and served on January 24, 1952, may retain the same claim number heretofore assigned to it by the clerk, making it unnecessary to file and serve any new claim.