■ ETHEL POTTER, as Administratrix of the Estate of EMERSON POTTER, Deceased, Respondent, v. STATE OF NEW YORK, Appellant.— Appeal from an order of the Court of Claims which granted claimant leave to file a late claim. Claimant's husband and intestate was fatally injured from injuries received in an automobile accident that happened on a highway known as Route 20 in the State of New York. This accident happened on September 24, 1955. On July 10, 1956 claimant, a resident of Chicago, Illinois, was appointed

administratrix of her husband's estate. She failed to file a claim against the State, or a notice of intention, within 90 days after her appointment as administratrix as required by subdivision 2 of section 10 of the Court of Claims Act. Some six months after her appointment she filed a notice of motion and affidavit in order to obtain an order granting leave to file a late claim, and alleged as an excuse for her failure to timely file her claim that she was ignorant of the laws and customs of the State of New York, and was not aware that she had a claim against the State of New York until she had been recently apprised of such fact. Subdivision 5 of section 10 of the Court of Claims Act permits the filing of a late claim in the discretion of the court upon affidavits showing a reasonable excuse for failure to file a timely notice of intention, and that the State or its appropriate department had, prior to the expiration of the time limitation for the filing of the notice of intent, actual knowledge of the essential facts constituting the claim. In this case no assertion is made by the State that it did not have knowledge of the facts relating to the accident. The State's position on this appeal is that ignorance of the law is not a reasonable excuse. There are cases which sustain this view (*Stone* v. *State of New York*, 206 Misc. 720; *Guifre* v. *State of New York*, 192 Misc. 480; *Haney* v. *State of New York*, 190 Misc. 493). However such cases are not *ipso facto* controlling so far as the exercise of discretionary power is concerned. The Court of Claims in the exercise of its discretion in this case did not ignore the proposition that ignorance of the law is ordinarily not a reason for granting permission to file a late claim, but nevertheless exercised its discretion in the light of the circumstances of this case where a widow was responsible for the legal interests of four minor children, and also upon the basis that claimant was a resident of Illinois at all times and could not be expected to be familiar with the Court of Claims Act of this State. It may be added that many States have not waived their sovereign immunity to claims of this character, and a nonresident might very readily be unfamiliar with the situation in New York in that respect We find no compelling reason therefore to interfere with the discretion of the court below. Order affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.