Alexander Del Giorno, J.
This is a motion for leave to file a late claim pursuant to the provisions of subdivision 5 of section 10 of the Court of Claims Act.
On or about December 5, 1958, Renee Blatt, an infant of the age of 10 years, was molested and abused physically by an inmate of Brooklyn State Hospital who, it is alleged, had been permitted by the hospital authorities to leave the hospital even though the hospital was aware of the abnormal propensities of the inmate.
The proposed claim alleges a cause of action in behalf of the infant claimant for severe physical and mental shock and a further cause of action in behalf of Louis Blatt, the father and guardian ad litem, in an individual capacity for loss of services of his daughter and for medical expenses incurred in her behalf. The relief sought by this application is an order permitting the *4 filing of a claim on behalf of the infant for personal injury and a claim by the father for loss of services and medical expenses.
The reasons advanced in the affidavit of Louis Blatt for the failure to file a claim or a notice of intention to file a claim within the prescribed time was that “ it could not be completed pursuant to Section 10 of the Court of Claims Act since deponent was ignorant of the laws and customs ’ ’; further, that claimant was not familiar with the name or identity of the inmate until his arrest on or about February 14, 1959.
An order for the appointment of Louis Blatt as guardian ad litem was made by this court on April 21,1959.
The moving papers allege further that the State will not be prejudiced by a late filing because the hospital had been advised on December 5,1958 that an inmate then unidentified had committed the assault upon the infant and had been informed on February 14,1959 that the said inmate had then been identified.
This application so far as it concerns the claim of the infant herself is unnecessary. Her claim may be filed within two years after the removal of her disability. (Court of Claims Act, § 10, subd. 5; Weber v. State of New York, 181 Misc. 44, affd. 267 App. Div. 325.)
The disability of the infant, however, does not inure to the benefit of the father. (Matter of Hogan v. City of Cohoes, 279 App. Div. 282.) That part of the application which requests permission to file a late claim in his individual capacity must be considered in accordance with the provisions of the Court of Claims Act.
As the father of the infant knew, the incident occurred on December 5, 1958. He was aware further that on February 14,1959, the assailant was arrested and was identified by claimant’s daughter. He applied for an order appointing himself guardian ad litem on April 21,1959. Quite aside from the question as to whether he knew the identity of the inmate from December 5, 1958 to February 14, 1959, nevertheless the cause of action occurred on December 5, 1958, and he could have filed a claim from that time until the expiration of 90 days thereafter. Assuming, as claimant seems to do, that knowledge of the identity of the assailant was a prerequisite to his filing a claim, he had such knowledge on February 14,1959, still well within the 90-day period. He made no move whatever until April 21, 1959, when he applied for appointment as guardian ad litem, and no further move until this time.
Claimant presents as his reason for failure to file within the 90-day period ignorance ‘ ‘ of the laws and customs ’ ’. Ignorance of the fact that a claim must be filed within 90 days does not *5 constitute a reasonable excuse for failure to file. (Landry v. State of New York, 1 A D 2d 934, affd. 2 N Y 2d 927.) Nor does ignorance of the law justify failure to file. (Guifre v. State of New York, 192 Misc. 480; Kahn v. State of New York, 178 Misc. 272; Burchetta v. State of New York, 43 N. Y. S. 2d 289; Monahan v. State of New York, 189 Misc. 533.) In addition, the mistake or misapprehension of the claimant or his attorney is no excuse for failure to comply with the provisions of section 10 of the Court of Claims Act. (Williams v. State of New York, 175 Misc. 972.)
Claimant asserts that the State had actual knoAvledge of the essential facts constituting the claim prior to the expiration of the time limited for the filing of the notice of intention, and that the State has not been prejudiced. Just so must he himself be charged Avith knowledge of the occurrence of the incident on December 5,1958 and of the arrest of the assailant on February 14, 1959. •
Claimant has not presented a reasonable excuse for failure to file his claim within the prescribed period.
The motion on behalf of Louis Blatt individually for leave to file a late claim is denied.
Settle order on notice accordingly.