Alexander Del Gtorno, J.
This is a motion for an order permitting the late filing of a claim in accordance with the provisions of subdivision 5 of section 10 of the Court of Claims Act.
This claim names the State as defendant. The defendant would seem to be the New York State Thruway Authority. At the hearing of the motion the parties stipulated for the record that the State would not raise this issue. They further agreed that the court should pass upon the facts as if the State were the proper defendant, and the State further stipulated that if the motion were granted that the State would consent to the substituting of the New York State Thruway Authority as the proper party defendant.
On February 20, 1960, the claimant, Sybil Atterbury, a resident of Stamford, Connecticut, was a passenger in an automobile owned by her mother, the claimant Sybil Fraser, and operated by one Frank A. Langrin, a nephew of claimant. The car was proceeding in an easterly direction on the New England Thruway in New York State, and when it reached a point on the highway near Connors Avenue, Eastchester, it entered a draw *423 bridge. "When it reached the easternmost end of the bridge, it crashed into a gate which it has been alleged was lowered negligently by an agent of the Thruway Authority. Claimant alleges that she suffered head, neck and nerve injuries.
From that date and until April 27,1960, a period of two months and seven days, claimant states that she was unaware of the severity of the injuries sustained by her. On April 27, 1960, she was admitted to the Stamford Hospital, where she remained until May 16, 1960. On May 18, 1960, or 88 days after the accident, she consulted a Stamford attorney as to the existence of a cause of action against the State of New York.
In his supporting affidavit, the Connecticut attorney states that after May 18, 1960, he contacted a New York attorney and learned that a notice of intention would have to be filed on or before May 20, 1960 and that it was then too late to prepare the claim or notice of intention. He states further that on or about May 2, 1960, he was consulted by Richard Atterbury, husband of the claimant, who informed him of the circumstances of the accident and of the fact that claimant had been admitted to the hospital a few days earlier. The attorney called claimant’s doctor on that day, and was told by him that he could not evaluate the extent of claimant’s injuries at that time.
The supporting affidavit of Dr. John C. McNerney states that on April 4, 1960, claimant was referred to him, as a specialist, for neurologic consultation by her then attending physician, Dr. Yerwood. After consultation on that day, and after subsequent examination, he effected her admission to the hospital on April 27, 1960, where she remained until May 16, 1960. He states that during such confinement she suffered mental stress and physical pain which made consultation with counsel inadvisable.
Claimant on this application attributes her failure to file timely notice of intention to her being unaware of the severity of the injuries sustained until April 27, 1960, when she was admitted to the hospital.
In a replying affidavit, the present counsel for claimant states, by way of conclusion, that claimant took reasonable steps to prosecute her claim by sending her husband in early May to consult counsel, and that the said attorney was frustrated in his attempt to establish the damages at that time.
Claimant Sybil Fraser, the owner of the automobile, is also a resident of Stamford, and claims property damage in the sum of $586. She alleges that she first became aware that she might have a claim against the State of New York upon the admission of Sybil Atterbury to the hospital and upon learning *424 that the latter had instructed her husband to consult counsel. In early May, she contacted the same Connecticut counsel. In March and in April she received letters from the State of New York, requiring a deposit of $150 as security for property damage caused. She states that because of this fact she thought some proceeding would be entertained which would determine liability.
The sole question to be determined is whether claimants have presented a reasonable excuse for failure to file a notice of intention. No point is raised of prejudice to the State because of failure to file a timely notice of intention.
With respect to claimant Sybil Atterbury, it is to be noted that for the period from February 20, 1960 to April 27, 1960, claimant did nothing by way of consideration of the filing of a claim or notice of intention. Dr. McNerney states that on April 4, 1960, claimant was referred to him, as a specialist, by her then attending physician. This would indicate that she was aware of having suffered some injury as a result of the accident and that she had consulted her own physician on or prior to April 4. Further, she was subsequently examined by Dr. McNerney, and was admitted to the hospital on April 27. During the period from April 4 to April 27 she certainly must have known that she had suffered some injury.
She should have and could have filed a notice of intention during this time, or caused it to have been filed between April 27 and the expiration of the 90-day period, for it was unnecessary that she be aware of the severity of her injuries in order to file a notice of intention. In a notice of intention, the items of injuries and the sum claimed need not be stated. (Court of Claims Act, § 11.) The extent or severity of the injuries need not be known in order to file a notice of intention (e.g., Grynewytsch v. State of New York, 207 Misc. 777).
Claimant contends that because she is a nonresident, she should not be held to the same strict accountability to which a resident is held, citing the cases of Potter v. State of New York (5 A D 2d 725) and Ernst v. State of New York (15 Misc 2d 954, affd. 8 A D 2d 900). In applications of this type, the court must consider the existing surrounding circumstances in determining whether to exercise its discretion in favor of a claimant. The eases relied upon are distinguishable from the present claim. In the Potter case, the court took into consideration the fact that movant, who resided in Chicago, was the widowed mother of four minor children; in the Ernst case, there was an issue of fact as to whether claimant knew he was being transported in a New York National Guard plane, and further, *425 claimant’s counsel instituted action prior to the expiration of the 90-day period to ascertain necessary information as to the claim.
Under the circumstances herein, the court finds that claimant has not presented a reasonable excuse for her failure to file a notice of intention to file a claim. (Haney v. State of New York, 190 Misc. 493; Monahan v. State of New York, 189 Misc. 533; Williams v. State of New York, 175 Misc. 972; Stone v. State of New York, 206 Misc. 720; Guifre v. State of New York, 192 Misc. 480.)
This court is not unmindful of the decision of the Appellate Division in the case of Stabile v. State of New York (12 A D 2d 698), reversing an order denying permission for late filing, upon the ground that a “ reasonable excuse ” for not filing the claim on time had been presented. There the claimant was injured on July 29, 1956 and was confined to a hospital twice; her doctor swore that when he was asked by her about consulting a lawyer several times in 1956, he advised against it because he believed it would aggravate her condition. She suffered brain concussion, and had severe dizziness, blackouts and lapses of memory. She moved for leave to file in October, 1957.
Upon the facts presented in the instant application, and particularly in view of the fact that claimant contends that the reason for her late filing was that she was not aware of the extent of her injuries, prior to her admission to the hospital, the court feels that she had the opportunity to file a notice of intention. In filing a notice of intention, she would not have been required to set forth the extent of her injuries.
As to claimant Sybil Fraser, her reliance upon a belief that some proceeding would be initiated by the State of New York to determine liability, without further investigation or inquiry on her part, cannot be deemed to constitute a reasonable excuse for failure to file a claim or notice of intention. Further, if she waited for claimant Atterbury to be admitted to a hospital, and for the latter’s husband to consult counsel as to his wife’s claim, before obtaining counsel herself, she did so at her peril. Her excuse for failure to file a timely notice is, simply, ignorance of the law. Under the circumstances, her excuse is insufficient. (Landry v. State of New York, 1 A D 2d 934, affd. 2 N Y 2d 927; Monahan v. State of New York, 189 Misc. 533, supra.)
The motion is denied as to both claimants. Submit order.