Alexander Del G-iorno, J.
This is a motion for leave to file a late claim pursuant to the provisions of subdivision 5 of section 10 of the Court of Claims Act.
On or about September 4, 1960, the infant claimant was injured when he slipped and fell while using a rowboat at Belmont Lake State Park.
The proposed claim alleges a cause of action in behalf of the infant claimant for personal injuries sustained as a result of the fall. Although no proposed claim is actually set forth on behalf of the mother of the infant individually, the proposed notice of claim does include her name in the caption as a claimant, and includes in paragraph 6 thereof a statement of doctors’ and hospital expenses. Por the purposes of this motion, therefore, the court will consider the motion as one to permit filing of a claim on behalf of the infant for personal injury and a claim by the mother in an individual capacity for medical expenses.
An order for the appointment of the mother as guardian ad litem was made by this court on June 29, 1961.
The reasons advanced in the affidavit of the mother for the failure to file a claim or notice of intention within the prescribed period were that she was concerned primarily with the health and welfare of her son, the prospect of litigation being of less importance to her, and that ‘ ‘ she was completely unfamiliar with the technical requirements ” indicated to her by her attorney, whom she first consulted on June 14, 1961.
The moving papers are silent as to the notice to the State of the facts of the claim within the 90-day period.
This application so far as it relates to the claim of the infant is unnecessary. His claim may be filed within two years after the removal of his disability. (Court of Claims Act, § 10, subd. 5 ; Weber v. State of New York, 181 Misc. 44, affd. 267 App. Div. 325 ; Blatt v. State of New York, 19 Misc 2d 3.)
The disability of the infant, however, does not inure to the benefit of his mother. (Matter of Hogan v. City of Cohoes, 279 App. Div. 282 ; Blatt v. State of New York, supra.) The reasons presented for her failure to file a late claim in her individual capacity do not constitute a reasonable excuse for her failure to file. Ignorance of the fact that a claim must be filed within 90 days is not such an excuse. (Landry v. State of New York, 1 A D 2d 934, affd. 2 N Y 2d 927.) Nor does ignorance of the law justify failure to file. (Guifre v. State of New York, 192 *1100 Misc. 480 ; Kahn v. State of New York, 178 Misc. 272 ; Burchetta v. State of New York, 43 N. Y. S. 2d 289 ; Monahan v. State of New York, 189 Misc. 533.) Further, the individual claimant has not shown that the State or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim. (Court of Claims Act, § 10, subd. 5.)
The individual claimant has not presented a reasonable excuse for failure to file her claim within the prescribed period. The motion on behalf of Catherine M. Porreca individually for leave to file a late claim is denied.