Alexander Del Giorno, J.
This is a motion for an order permitting the filing of a late claim in accordance with the pro *741 visions of subdivision 5 of section 10 of the Court of Claims Act.
The claimant was involved in an automobile collision between a car driven by him and a car owned by defendant and operated by one Vincent Conte, Jr., which occurred on August 9,1963.
At that time, claimant believed the accident to have been minor in character as to any personal injuries sustained.
On or about September 26, 1963, he became incapactitated with a back injury and consulted a physician on October 1, 1963. The doctor advised him that he was suffering from a herniated disc and prescribed complete immobilization. Claimant was then confined to his bed for three weeks.
During the time of this treatment, it had not occurred to claimant to mention to his doctor that he had been involved in the automobile accident. He did so on or about November 27, 1963. The doctor then indicated to him that because a herniated disc is due directly to trauma as the precipitating factor, there was a direct causal relationship between the accident and the type of condition for which he was being treated. On January 27, 1964, claimant was admitted to a hospital and an operation performed upon him.
The affidavit of the physician states that the nature of patient’s injury and incapacitation rendered it impossible for him to travel between his residence at Homer, New York and Mechanicville to consult with counsel.
The court finds that although claimant became incapacitated with the back injury during the 90-day period and was treated by his doctor thereafter, he did not realize that there was causal connection between the accident and the injury until he was so informed by the doctor after the expiration of the 90-day period. The facts are distinguishable from those in Atterbury v. State of New York (26 Misc 2d 422) where this court held that the claimant therein was aware of having suffered an injury as a result of the accident and had consulted her doctor about that injury.
Claimant has presented a reasonable excuse for failure to file the notice of intention. The court finds further that the State, prior to the expiration of the time limited for the filing of the notice of intention, had actual knowledge of the facts constituting the claim, and that the State has not been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited.
Further, the proposed claim states a valid cause of action. Any question as to the validity or effect of a release alleged *742 to have been executed by claimant does not affect the merits of the present application, but may be raised subsequently by the State.
The motion is granted and claimant is directed to file his claim within 10 days from the date of the order to be entered herein.