■ RAYMOND F. CALLANAN, Respondent, v. STATE OF NEW YORK, Appellant. (Motion No. M-7567.) — TAYLOR, J. Appeal by the State of New York from an order of the Court of Claims granting claimant's motion for leave to file a late personal injury claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. The proposed claim alleges that on August 9, 1963 an automobile owned and operated by claimant, while stopped for a traffic light at the intersection of two public highways, was struck in the rear by a motor vehicle owned by appellant and operated by its employee. The record discloses the following undisputed pertinent facts: in late September incapacitating pain developed in the region of claimant's lower back which induced him to consult a physician on October 1, 1963; a subsequently conducted radiological examination disclosed the existence of a herniated disc with nerve root depression for the treatment of which immobilization, rest and medication were prescribed; on

or about November 26, 1963 claimant revealed to the treating physician his involvement in the rear end collision of August 9 and thereupon was professionally advised for the first time that the disc injury was traumatic in origin and causally related to that event; progressive deterioration in claimant's physical condition brought about his admission to a hospital on January 27, 1964 where the damaged disc was surgically excised and the relevant spinal interbodies fused; on January 22, 1964 claimant had moved for leave to file the late claim. In our view the Court of Claims was justified in finding that the excuse tendered by claimant for his failure to file a claim or a notice of intention to file such within the time limited therefor (Court of Claims Act, § 10, subd. 3) met the test of reasonableness — the guide provided by the Legislature for the exercise of the granted discretionary power to permit a late filing of a claim to recover damages for personal injuries allegedly caused by the tort of a State employee (§ 10, subd. 5; *Matter of Gross* v. *State of New York*, 9 A D 2d 594; *Stabile* v. *State of New York*, 12 A D 2d 698; *47-Albany Troy Road Corp.* v. *State of New York*, 17 A D 2d 892). We also find, as did the Court of Claims, that no substantial prejudice to the State is demonstrated by the failure of claimant timely to file the notice of intention. Order affirmed, with $25 costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur. [42 Misc 2d 740.]