Alexander Del Giorno, J.
This is a motion for permission to file a late claim in accordance with the provisions of subdivision 5 of 'section 10 of the Court of .Claims Act.
The proposed notice of intention and the proposed claim seek to recover damages for pain and suffering and for the wrongful death of decedent, alleged to have been caused by the negligence of the State.
The decedent was admitted to the Manhattan State Hospital during the year 1961 for treatment of alcoholism and alcoholic dementia. It is alleged that in September, 1962, decedent suf *725 fered acid burns which resulted in his eventual death on February 2, 1963.
Letters of administration were issued to claimant by the Surrogate of the County of New York in October, 1964.
The affidavit of counsel for the claimant sets forth that after the death of decedent, it was necessary to obtain renunciations from the brothers and sisters of decedent, most of whom lived in rural areas of the South, and that after they were received, application was made for the appointment of claimant as administratrix of the decedent’s estate.
There is annexed to the moving papers a letter from Edward B. Shapiro, M.D., dated July 1, 1964, addressed to Mr. Justice Bebkabd Bótele, Presiding Justice of the Appellate Division, First Judicial Department, in the matter of “ James L. it. Costello, trial and appeal counsel for Theresa D. Greene, Bowery .Savings Bank v. Greene and Greene v. United Mutual Life Ins.” This letter states that Mr. Costello (claimant’s counsel) was operated upon on June 24, 1964, at which time a malignant melanoma was removed from his left chest, that he was to have been rehospitalized on July 6, 1964 for further radical surgery and that psychologically and physically he would not be able to perform his normal duties on a full-time basis for approximately three months.
Claimant’s counsel states that because of his illness, he was compelled to use the services of American Clerical Service, and alleges that “American Clerical, in responding to deponent’s inquiry advised and informed deponent that Nancy Williams had not been appointed Administratrix of the Estate as of the dates of said inquiries, until on or about April 22,1965, deponent received the attached certificate sworn to by the Clerk of the Surrogate Court April 21, 1965, indicating that Nancy Williams had been appointed Administratrix of her late brother’s estate in October, 1964, and as quickly as it was possible to do so, the instant matter was brought on.”
According to the certificate of the physician, claimant’s counsel can be assumed to have been able to resume his normal duties in the month of October, 1964, the month of the appointment of claimant as administratrix. The moving papers are silent as to the state of health of claimant’s counsel during the ensuing months, and specifically from the period of 90 days after the appointment of the administratrix and up to February, 1965.
The court is of the opinion that a reasonable excuse has not been presented for the failure to file the claim or notice of intention within the required time.
*726 Independently of the above set of circumstances, however, there exists a fatal objection to the granting of claimant’s application. Subdivision 2 of section 10,of the Court of Claims Act provides that the claim of an administrator shall be filed within 90 days after appointment, unless within the 90-day period claimant shall file a written notice of intention to file a claim, in which event the claim shall be filed within two years after the death of decedent. This subdivision provides that “In any event such claim shall be filed within two years after the death of the decedent. ’ ’ Subdivision 5 provides that a claimant who fails to file a claim or notice of intention in accordance with the provisions of subdivision 2 may be permitted, in the discretion of the court, to file a claim at any time within two years after the death of decedent. The within- claimant failed to file a notice of intention or claim within the 90-day period or within, the period of two years after the death of decedent. Further, the instant application is made after the expiration of the two-year period, and is untimely. (Thompson v. State of New York, 258 App. Div. 758; Turner v. State of New York, 162 Misc. 6; Kahn v. State of New York, 178 Misc. 272; Gluck v. State of New York, 43 N. Y. S. 2d 659.
The court does not have jurisdiction to grant the requested relief. The motion is denied.