Milton Albert, J.
This is a motion by the State for dismissal of the claim because it was not timely filed, and a cross motion by the claimant for permission, addressed to the court’s discretion, (Court of Claims Act, ■§ 10, subd. 5), to file a claim for false arrest, abuse of process, assault and tortious conspiracy arising out of facts and circumstances which occurred on May 4, 1967.
The claimant was arrested at that time by narcotics enforcement officers of the State for alleged felony relating to alleged sale of narcotics, taken into custody and confined in jail until the following day when he appeared before a Justice of the Peace, charged with a felony and then released on bail. A Grand Jury returned a no bill of indictment on July 20, 1967.
Under the Court of Claims Act >(§ 10, subd. 3) a claim of this type or a written notice of intention to file such a claim must be filed within 90 days after the accrual thereof. Under the applicable case law, this claim accrued on May 5, 1967 when the claimant was released from jail (Huff v. State of New York, 27 A D 2d 892; Bomboy v. State of New York, 26 A D 2d 974). The 90-day period expired on or about August 4, 1967. Claimant did not file a notice of intention until October 13, 1967 and his claim was not filed until November 16, 1967, both of which dates were approximately two months and three months, respectively, after the August 4,1967 expiration of the statutory 90-day period.
In a case of this type, in addition to other statutory requirements, reasonable excuse must be shown in order for the court to exercise its discretion (Court of Claims Act, § 10, subd. 5; Landry v. State of New York, 1 A D 2d 934, affd. 2 N Y 2d 927).
The question accordingly arises as to whether such reasonable cause is shown by the claimant in his affidavit in support of his cross motion. In such affidavit he states that his arrest and imprisonment “ was a severe shock and experience ” to himself, his wife, and family; that he “ immediately did forego other activities and worked with his associates and his attorneys in an unceasing attempt to unravel the charges made ” against him; that prior to the action of the Grand Jury on July 20, 1967 in returning a no bill of indictment against him, he ‘ ‘ was attempt *779 ing to minimize the serious damage done to the business image ” of his employer; that he was ‘ ‘ also in a state of mental anguish and upset because of the public and local reaction to the charges ’ ’; that after the return of the no bill of indictment he “ began his search for employment which took him out of the State of New York for extended periods of time ”; and that it “ was because of the complete emotional and physical involvement ” in the preparation of the defense to the charges against him and in the “ vain attempt to salvage the good name of his employer, while also shielding and comforting his wife and family, and thereafter beginning the task of overcoming the damage done ” that he failed to file a claim with the court within the 90-day statutory period. He also alleges that the State had actual knowledge of all the essential facts and circumstances which would constitute the basis for his claim and that the State would not, therefore, be prejudiced if he were permitted to file a “ late claim.”
While the court is inclined to agree that the State may very well be in possession of all of the essential facts and circumstances and would, therefore, not be prejudiced if permission were granted to file a “ late claim ’ ’, the court is constrained to find that the above-described reasons given by the claimant as justification for permission to file a ‘ ‘ late claim ’ ’ are not adequate.
Claimant was not physically or mentally incapacitated, had legal counsel, and during the entire period beginning with his arrest was aware of the situation in which he found himself and of the facts which convinced him that he had been illegally arrested and imprisoned. After the Grand Jury’s return of its no bill of indictment, there was still time to file a notice of intention or an actual claim. Claimant could have so instructed his counsel and still have devoted his efforts, as he outlined them in his affidavit, to resurrecting his good name and reputation and to searching for new employment. It is emphasized that this is not a case of serious physical or mental disability where delay has been held to be justifiable because of inability properly to consult with counsel.
The court finds that the State’s motion to dismiss must be granted and the claimant’s cross motion for permission to file a “ late claim ’’must be denied in light of the following decisions which are to the effect that in a case of this type — state of emotional upset of claimant — it would be an inappropriate exercise of judicial discretion to grant permission for late filing: (Williams v. State of New York, 21 A D 2d 844, app. dsmd. 15 N Y 2d 799, mot. to vacate dismissal den. 18 N Y 2d 750; Elting *780 v. State of New York, 8 A D 2d 640 [re husband]; Hencken v. State of New York, 196 Misc. 128 [re husband]; Porreca v. State of New York, 28 Misc 2d 1098 [re parent]; cf. Matter of Donovan v. Board of Educ. of Peekskill, 198 Misc. 330, affd. 277 App. Div. 904). Accordingly, the State’s motion is hereby granted and claimant’s cross motion is hereby denied.