OPINION OF THE COURT
Donald J. Corbett, Jr., J
The State moves to dismiss the claim herein for lack of subject matter jurisdiction (CPLR 3211 [a] [2]).
This is a wrongful death action arising out of a boating accident which occurred on Seneca Lake on June 13, 1987. Claimant alleges that the decedent was driving his boat and that it struck the unlighted "Lighthouse Pier” on Seneca Lake. Claimant makes numerous allegations of negligent conduct by the State of New York, including the failure to warn of dangerous conditions and the failure to maintain the lighting, all of which led to the unfortunate fatal accident here.
The State’s motion to dismiss is grounded simply on Canal
*43 Law § 120, which provides in pertinent part that the State is not liable for "claims arising from damages resulting from the navigation of canals”. It is not disputed that Seneca Lake is considered part of the canal system of the State of New York. Claimant attempts to circumvent the rather broad stroke of Canal Law § 120 by distinguishing between navigation and affirmative negligence. In other words says claimant, the damages arose directly from the defendant’s negligence and not from "navigation”. While claimant valiantly seeks to sustain a cause of action for the tragic death of decedent herein, nothing before me suggests that the circumstances' herein fall outside the parameters of the clear and unequivocal partial preservation of the State’s immunity for damages resulting from the navigation of canals (Locke v State of New York, 140. NY 480; Penn No. 5 v State of New York, 205 Misc 18, 20). "Evidently, according to the logic of the Locke case, the intention of the statute was to provide that parties while using the canal for their own benefit should take the risks of navigation without reference to whether they were caused or affected by the negligence of the State officers.” (Zorn v State of New York, 45 App Div 163, 165; Penn No. 5 v State of New York, supra, at 20.)
Thus, it is clear: the decedent was engaging in navigation on Seneca Lake, a part of the canal system of the State of New York, and the State has not waived its sovereign immunity as to claims arising from the navigation thereof (Canal Law § 120). I have considered claimant’s other arguments, including alleged violation of 33 USC § 727, and find them unpersuasive.
Accordingly, despite the court’s great sympathy for the tragic death herein, I am without jurisdiction to consider the claim, and therefore the State’s motion to dismiss the claim herein is granted.